RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Attorneys for Defendants
SEGA OF AMERICA, INC. and
GEARBOX SOFTWARE, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAMION PERRINE, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>SEGA OF AMERICA, INC., a California corporation, and GEARBOX SOFTWARE, L.L.C., a Texas limited liability company,<br><br>Defendants. | Case No. 3:13-cv-01962-MEJ<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANTS SEGA OF AMERICA, INC. AND GEARBOX SOFTWARE, L.L.C.**<br><br>Date: August 1, 2013<br>Time: 10 a.m.<br>Courtroom: B, 15th Floor<br>Magistrate Judge:   Maria-Elena James |

*FENWICK & WEST LLP*
*ATTORNEYS AT LAW*
*MOUNTAIN VIEW*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2013, or as soon thereafter as available, in the courtroom of Magistrate Judge Maria-Elena James, located at 450 Golden Gate Avenue, California 94102, Courtroom B, 15th Floor, defendants Sega of America, Inc. and Gearbox Software, L.L.C. ("Defendants") will request that the Court consider the screen shot attached as Exhibit A to the Declaration of Steve Gibson in Support of Defendants' Request for Judicial Notice ("Gibson Decl.") as incorporated by reference into the Complaint or take judicial notice of it under Fed. R. Evid. 201, in connection with Defendants' Motion to Dismiss Plaintiff's Class Action Complaint (the "Motion to Dismiss") filed concurrently with this request.

Attached as **Exhibit A** to the Gibson Decl. is a true and correct copy of a screenshot from the trailer for Aliens: Colonial Marines shown at the E3 2011 conference (the "E3 2011 Trailer") and cited by Plaintiff throughout his Complaint.  *See, e.g.,* Dkt. No. 1 (Complaint) ¶¶ 23-24, 27, 56-57, 81, 84, 90, 99, 108, 115, 123, 132.  As of June 13, 2013, the E3 2011 Trailer is available at https://www.youtube.com/watch?v=Q86ds0kFE7Y.

This request is made pursuant to Federal Rule of Civil Procedure 12, Federal Rule of Evidence 201, and applicable legal principles, and is based on the instant notice and request, including the points and authorities in support thereof, the Gibson Decl., the Motion to Dismiss, including the points and authorities in support thereof, and all pleadings and papers on file in this matter, and such other matters as may be presented to this Court at the time of hearing or otherwise.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS

2

No. 3:13-cv-1962-MEJ

## MEMORANDUM OF POINTS AND AUTHORITIES

The trailer for Aliens: Colonial Marines shown at the E3 2011 conference (the "E3 2011 Trailer"), attached to the Gibson Declaration as Exhibit A, is incorporated by reference into the Complaint and is thus properly before the Court on Defendants' Motion to Dismiss. In the alternative, the Court should take judicial notice of the E3 2011 Trailer when ruling on the Motion to Dismiss.

## I.    LEGAL STANDARD

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord*, *e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, C 09-02514 SI, 2010 WL 199717, at *2 (N.D. Cal. Jan. 13, 2010) (same) *aff'd*, 669 F.3d 1005 (9th Cir. 2012).

A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A defendant may offer a document incorporated by reference, "and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

When ruling on a motion to dismiss, a court may also consider any matter that is subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Tellabs*, 551 U.S. at 322 (2007). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Fed. R. Evid. 201(b).  Further, websites and their contents may be proper subjects for judicial notice.  *See*, *e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of printouts of webpages); *County of Santa Clara v. Astra USA, Inc.,* 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information on a website); *In re Amgen, Inc. Sec. Litig.,* 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (same); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (judicially noticing webpages over plaintiff's objection); *Hendrickson v. eBay Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking judicial notice of eBay's website under Rule 201); *Pritikin v. Comerica Bank*, No. C 09–03303 JF, 2009 WL 3857455, at *2-3 (N.D. Cal. Nov. 17, 2009) (taking judicial notice of a screenshot of a website); *Frances Kenny Family Trust v. World Sav. Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005) (finding content on plaintiffs' website to be proper matter for judicial notice).

## II.     THE E3 2011 TRAILER IS INCORPORATED INTO THE COMPLAINT

All of Plaintiff's claims are premised on the theory that the E3 2011 Trailer misrepresented the content of Aliens: Colonial Marines (the "Game"), wrongfully inducing Plaintiff and others to purchase the Game.  Compl. ¶¶ 1-4.  For example, Plaintiff alleges that

> The first "actual gameplay" demonstration at E3 2011 included a live narration provided by Randy Pitchford, President of Gearbox Software….The only hint that the live demonstration was not representative of the final product was a "Work in Progress" watermark that briefly appeared in the top left corner of the video.

*Id.* ¶¶ 23-24 (emphasis in original). *See also id.* ¶¶ 2-4, 27, 56-57, 81, 84, 90, 99, 108, 115, 123, 132 (allegations referring to the E3 2011 Trailer).

Plaintiff thus refers extensively to the E3 2011 Trailer in his Complaint and it forms the basis of his claims.  Yet Plaintiff studiously avoids attaching a screenshot from the E3 2011 Trailer to his Complaint.  But as the Ninth Circuit observed, this Court may consider a document referenced in the complaint in order to prevent Plaintiff "from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which [his] claims are based."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal punctuation and citation omitted); *see also Bronson v. Johnson & Johnson, Inc*., 2013 U.S. Dist. LEXIS 54029, *3, n.1 (N.D. Cal., April 16, 2013)

1  (considering Splenda Essentials product labels incorporated by reference in complaint alleging

2  CLRA, UCL and FAL violations).

3  **III.    THE COURT MAY TAKE JUDICIAL NOTICE OF THE E3 2011 TRAILER.**

4          In the alternative, the Court should take judicial notice of the E3 2011 Trailer screenshot

5  under Federal Rule of Evidence 201(b).  The existence of the "E3 2011 Trailer" webpage and the

6  accuracy of the screenshot cannot be questioned.  The E3 2011 Trailer is publicly available on the

7  YouTube website at https://www.youtube.com/watch?v=Q86ds0kFE7Y.  *See* Gibson Decl. ¶ 2.

8  The screenshot is not subject to reasonable dispute and is capable of accurate and ready

9  determination by resort to sources whose accuracy cannot be reasonably questioned.  *Rice v.*

10  *Sunbeam Prods.*, 2013 U.S. Dist. LEXIS 7467, 18 n.1 (C.D. Cal. Jan. 7, 2013) (taking judicial

11  notice of Crock-Pot Owner's Manual featuring "For Household Use Only" admonition in CLRA,

12  UCL, FAL, express warranty, and misrepresentation action); *Datel Holdings Ltd.*, 712 F. Supp.

13  2d at 983-85 (taking judicial notice of printouts of webpages); Fed. R. Evid. 201(b).

14                                          **CONCLUSION**

15          For the foregoing reasons, Defendants request that the Court consider the screenshot of

16  the E3 2011 Trailer, attached as Exhibit A to the Gibson Declaration, as incorporated by reference

17  into the Complaint, or alternatively, that the Court take judicial notice of the screenshot.

18

19  Dated:  June 14, 2013                       FENWICK & WEST LLP

20                                              By: */s/ Rodger R. Cole*
21                                                    Rodger R. Cole

22                                              Attorneys for Defendants
                                                SEGA OF AMERICA, INC. AND
23                                              GEARBOX SOFTWARE, L.L.C.

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW