SEAN P. REIS – SBN 184044
(sreis@reisfirm.com)
THE REIS LAW FIRM, A.P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 713-9440

RAFEY S. BALABANIAN (Admitted *pro hac vice*)
(rbalabanian@edelson.com)
CHRISTOPHER L. DORE (Admitted *pro hac vice*)
(cdore@edelson.com)
BENJAMIN S. THOMASSEN (Admitted *pro hac vice*)
(bthomassen@edelson.com)
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiffs John Locke and Damion Perrine and the Putative Class*

RODGER R. COLE (CSB No. 178865)
(rcole@fenwick.com)
JENNIFER L. KELLY (CSB No. 193416)
(jkelly@fenwick.com)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street Mountain View, CA 94041
Telephone: 650.988.8500

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LOCKE and DAMION PERRINE, individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>SEGA OF AMERICA, INC. a California corporation, and GEARBOX SOFTWARE L.L.C., a Texas limited liability company,<br><br>        *Defendants*. | Case No. 5:13-cv-01962-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Jeffrey S. White<br>Action Filed: July 5, 2013 |

Pursuant to Fed. R. Civ. P. 26, Local Rule 16–9 and the Standing Order for all Judges of the Northern District of California, Plaintiffs John Locke and Damion Perrine ("Plaintiffs") and Defendants Sega of America, Inc. ("Sega") and Gearbox Software L.L.C. ("Gearbox") ("Defendants") (and collectively with Plaintiffs, the "Parties"), hereby jointly submit the following Case Management Statement.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy as alleged exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

No issues exist with respect to personal jurisdiction or venue, and Defendants have been served.

## II. FACTS

**A.    Plaintiffs' Position:** Defendants developed and marketed a video game, *Aliens: Colonial Marines*, based on the popular *Alien* movie franchise. In 2011, Defendants began a media campaign comprised of "actual gameplay" demonstrations (live events where Defendants' agents would play the video game), and publically represented that the demonstrated version (the "Demo Version") would be the retail version available to consumers.

After Defendants released the final version of the game to the public in early in 2013 (the "Retail Version"), purchasers and reviewers discovered that the game they thought they were getting, the Demo Version, was far different than the version they received, the Retail Version. As explained in more detail in Plaintiffs' First Amended Complaint (Dkt. 26), the Demo Version contained technical capabilities far beyond the Retail Version, including advanced artificial intelligence programming, gameplay sequences drawn from the *Aliens* movie, and a highly advanced graphics engine (the "Demo Engine") capable of creating, *inter alia*, dynamic moving light sources, highly detailed and differentiated textures, complex particle effects, a rich variety of custom animations, and immersive dynamic weather effects.

1    Despite their knowledge that the Retail Version lacked the Demo Engine's features,
2 Defendants widely advertised these features until the game's release date and, beginning in or
3 around 2012, removed the "work in progress" disclaimers from such advertisements. And because
4 Defendants contractually barred industry critics from reviewing or writing about the game prior to
5 its public release, Defendants retained exclusive control over all information concerning the actual
6 quality of the Retail Version. By the time that quality was publicly known, thousands of consumers
7 had already pre-purchased or purchased the game on release day, paying between $50 and $100 in
8 reliance on the representations made by Defendants.

9    **B.    Defendants' Position:**

10    In February 2013, the videogame *Aliens: Colonial Marines* was commercially released.
11 Roughly two years prior to the game's release, a "gameplay demonstration" of the game was
12 presented to an audience attending E3, a popular video gaming convention.  A "work in progress"
13 watermark was displayed on screen during this gameplay demonstration.  During this gameplay
14 demonstration, portions of the work-in-progress were played for those in attendance.  Defendants
15 made no representation that the final game would look exactly like the demonstration, nor could
16 they, as the final game was nearly two years from being completed.  To the contrary, Defendants
17 clearly labeled the gameplay demonstration as a "work-in-progress."  Plaintiffs do not contest the
18 presence of the Defendants' "work-in-progress" disclaimer at the E3 convention.

19    In the 20 months that passed between the 2011 E3 demonstration and the game's eventual
20 release, Defendants continued to develop and modify the unfinished game.  As with all video game
21 prototypes, various features were modified as development and time progressed.  Such changes
22 naturally reflect the development process and are inherent in a creative work; there is no basis to
23 assume it reflects the development of a separate "demo engine" created for the purpose of
24 defrauding consumers.

25    Every customer who purchased and installed a copy of *Aliens: Colonial Marines* accepted
26 the unambiguous terms contained within Defendant Sega's written End User License Agreement
27 ("Agreement").  The Agreement expressly disclaims any express or implied warranties as to the

28

quality of the product, and further provides that the only remedy for dissatisfaction with the game is stop using the game. Such Agreements are standard industry practice with respect to consumer software.

### III. LEGAL ISSUES

The legal issues in this case include, but are not limited to:

1. Whether Defendants developed, for demonstration purposes, a separate game engine not intended for retail release and, if so, how that engine was used to advertise the retail *Aliens: Colonial Marines* video game;

2. Whether Defendants made false statements, promises, and/or descriptions (along with the nature of those statements, promises, and/or descriptions) regarding the features and gameplay content of the *Aliens: Colonial Marines* video game;

3. Whether consumers can reasonably rely on alleged false statements made in the presence of a "work in progress" label that appeared during some of Defendants' advertising of the *Aliens: Colonial Marines* video game;

4. Whether Defendants' conduct violated Cal. Civ. Code § 1750 *et seq.*;

5. Whether Defendants' conduct violated Cal. Civ. Code § 1720 *et seq.*;

6. Whether Defendants' conduct violated Cal. Bus. & Prof. Code § 17500 *et seq.*;

7. Whether Defendants made or breached any express warranties;

8. Whether Defendants fraudulently induced Plaintiffs and members of the Class;

9. Whether Defendants negligently misrepresented qualities and features of the *Aliens: Colonial Marines* video game;

10. Whether the putative Class is appropriate for certification under Fed. R. Civ. P. 23;

11. Whether the terms of an End User License Agreement are binding on Plaintiffs and, if so, whether (i) those terms preclude or otherwise affect the claims asserted in this matter, and/or (ii) consumers can reasonably rely on alleged false statements given the express disclaimer of warranties present in those terms;

12. Whether those Plaintiffs (and members of the putative class) not residing in California have standing to seek relief under California's consumer protection statutes; and

13. Whether some or all of the games at issue constitute "goods" within the meaning of the California Consumer Legal Remedies Act.

## IV. MOTIONS

On June 14, 2013, Defendants moved to dismiss Plaintiff Perrine's original complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 14). In response, Plaintiffs Perrine and Locke filed their First Amended Class Action Complaint on July 5, 2013. (Dkt. 26).

Thereafter, on July 22, 2013, Defendants again moved to dismiss Plaintiffs' claims under Cal. Bus. & Prof. Code § 17500 *et seq.*, and for breach of express warranties. (Dkt. 29). On October 3, 2013, the Court denied Defendants' motion.

Plaintiffs anticipate filing the following motions in this action: (i) a motion for class certification; (ii) a motion for summary judgment; and (iii) discovery-related motions, if necessary.

Defendants anticipate filing the following additional motions: (i) a motion for summary judgment; and (ii) a motion for fees and costs.

## V. AMENDMENT OF PLEADINGS

**A.     Plaintiffs' Position:** At this time, Plaintiffs do not anticipate that any additional amendments of the pleadings will be necessary. However, information obtained through discovery may necessitate amendments in the future. Plaintiffs propose that amended pleadings (if any), be filed in accordance with the proposed schedule of discovery and general case deadlines set forth in Section XVII below.

**B.     Defendants' Position:** Defendants have not yet answered Plaintiff's Complaint because of the recently decided Motion to Dismiss.  Defendants will timely answer Plaintiffs' Complaint, and Defendants reserve the right to amend their answer thereafter in accordance with the Federal Rules of Civil Procedure and the case schedule established by this Court.

## VI. EVIDENCE PRESERVATION

The Parties have conferred with their respective counsel about the need to preserve evidence that may be relevant to Plaintiffs' claims or Defendants' defenses, including the preservation of electronically stored information.

## VII. DISCLOSURES

The Parties have agreed to exchange their respective 26(a)(1) disclosures no later than October 18, 2013.

## VIII. DISCOVERY

**A. Scope of Discovery**

**1. Plaintiffs' Position:** Plaintiffs anticipate propounding discovery on the following non-exhaustive list of topics: (1) source code related to the Demo Version of *Aliens: Colonial Marines*; (2) source code related to the Retail Version of *Aliens: Colonial Marines*; (3) communications and contracts relating to the development of the Demo Version of *Aliens: Colonial Marines*; (4) communications and contracts relating to the development of the Retail Version of *Aliens: Colonial Marines*; (5) communications relating to the Actual Gameplay demonstrations; (6) marketing and advertisements related to the Retail Version of *Aliens: Colonial Marines*, and (7) details related to pre-sales and launch day sales of the video game.

**2. Defendants' Position:** Defendants anticipate propounding discovery on the following non-exhaustive list of topics: (1) Plaintiffs' agreement to the terms of the End User License Agreement through which they were able to install and play *Aliens: Colonial Marines*; (2) Plaintiffs' use and enjoyment of the product following its release; (3) the factors influencing Plaintiffs' respective decisions to license *Aliens: Colonial Marines* from Defendants; (4) Plaintiffs' knowledge of industry practices and standards surrounding the use of gameplay demonstrations; and (5) Plaintiffs' adequacy and typicality as class representatives.

**B. Phased Discovery:** The Parties agree that that phasing discovery is unnecessary in this matter beyond the proposed schedule set forth in Section XVII below.

1  **C.     Form of Electronic Discovery and Claims of Privilege:** The Parties have agreed
2  to discuss and craft an appropriate stipulation, subject to the Court's approval, governing: (1) the
3  identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved
4  and produced by the Parties; (3) the formats for preservation and production of ESI; (4) the
5  protection of confidential and proprietary information; (5) the procedures for handling inadvertent
6  production of privileged information and other privilege waiver issues under Rule 502 of the
7  Federal Rules of Evidence; and (6) any other relevant ESI issues involved in the case that may
8  arise.
9      Additionally, the Parties will attempt to agree upon and submit to the Court an appropriate
10 Protective Order governing treatment of confidential information in this case.

11 **IX.   CLASS ACTIONS**

12     **A.     Plaintiffs' Position:** Plaintiffs seek class certification pursuant to Fed. R. Civ.
13 P. 23 (b)(3) of a class (the "Class") of similarly situated individuals and entities, defined as
14 follows:

> All persons in the United States who paid for a copy of the *Aliens: Colonial Marines* video game either on or before February 12, 2013.

17     The proposed Class satisfies each of the requisites to class certification under
18 Rule 23(b)(3). In particular, the Class consists of potentially tens of thousands of individuals,
19 making joinder of all members impracticable (numerosity); there are many questions of law and
20 fact common to the claims of Plaintiffs and the other members of the Class, which predominate
21 over any questions that may affect only individual Class members (commonality and
22 predominance); Plaintiffs' claims are typical of the claims of all of the other members of the Class,
23 inasmuch as they were similarly damaged as a result of Defendants' unlawful conduct (typicality);
24 and Plaintiffs will fairly and adequately represent and protect the interests of the members of the
25 Class, and have retained counsel competent and experienced in complex class actions (adequacy of
26 representation).

27
28

JOINT CASE MANAGEMENT        7        CASE NO. 5:13-cv-01962-JSW
STATEMENT

Similarly, class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. That is, the damages suffered by the individual members of the Class will likely be relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties, as well as the likelihood of the imposition of inconsistent obligations. Moreover, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final restitutionary relief with respect to the Class as a whole.

**B.     Defendants' Position:** Defendants will oppose certification of a class on the grounds that individualized questions of law and fact predominate over any common questions, that Plaintiffs are not adequate or typical class representatives, and that a class action is not superior to other methods of adjudicating this controversy.

**X.     RELATED CASES**

The Parties are unaware of any related cases at this time.

**XI.    RELIEF SOUGHT**

**A.     Plaintiffs' Position:** Through their First Amended Complaint, Plaintiffs respectfully request that the Court enter an Order (or Orders): (i) certifying this case as a class action, appointing Plaintiffs John Locke and Damion Perrine as class representatives, and appointing their counsel as class counsel; (ii) declaring that Defendants' actions, as set out in the First Amended Complaint, constitute violations of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*), as well as a breach of express warranties, fraudulent inducement, and negligent misrepresentation; (iii) awarding damages, including actual, statutory, and punitive damages where applicable, to Plaintiffs and the Class in an amount to be determined at trial; (iv) awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees; (v) awarding Plaintiffs and the Class

pre- and post-judgment interest, to the extent allowable; (vi) awarding injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and the Class; and (vii) awarding such other and further relief as the Court deems reasonable and just.

**B. Defendants' Position:** Defendants have not yet answered Plaintiffs' Complaint, but in doing so will seek judgment in their favor on all counts as well as fees and costs.

**XII. SETTLEMENT AND ADR**

On September 24, 2013, the Court ordered the parties to participate in private mediation by April 11, 2014.

**XIII. CONSENT TO MAGISTRATE JUDGE**

Defendants previously declined to proceed before a Magistrate Judge for all purposes in this action. (Dkt. 18.)

**XIV. OTHER REFERENCES**

At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES**

At this time, the Parties are not aware of any issues that can be narrowed by agreement or by motion, and do not presently request bifurcation of issues, claims, or defenses.

**XVI. EXPEDITED SCHEDULE**

The Parties do not believe that this case should be handled via the Court's Expedited Trial Procedure.

**XVII. SCHEDULING**

| EVENT | PROPOSED DEADLINE |
|---|---|
| *Deadline to file motions to join parties or amend pleadings* | January 6, 2014 |
| *Plaintiffs to serve disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification* | February 5, 2014 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| *Defendants to serve disclosures of rebuttal expert witnesses and reports relating to class certification* | March 7, 2014 |
| *Defendants' deadline to depose Plaintiffs' experts and the parties' other witnesses related to class certification* | March 14, 2014 |
| *Plaintiffs' deadline to depose rebuttal experts related to class certification* | April 14, 2014 |
| *Plaintiffs to file motion and memorandum in support of class certification* | June 13, 2014 |
| *Defendants to file opposition to class certification and all supporting materials* | July 11, 2014 |
| *Plaintiffs to file reply in support of motion for class certification* | July 25, 2014 |
| *Hearing on motion for class certification* | At the Court's convenience. |
| *Fact discovery cut-off* | Sixty (60) days following the Court's ruling on Plaintiffs' motion for class certification |
| *Plaintiffs to serve disclosures pursuant to Fed. R. Civ. P. 26(a)(2) related to merits issues* | Thirty (30) days prior to fact discovery cut-off |
| *Defendants to disclose rebuttal expert witnesses related to merits issues* | Forty-five (45) days following Plaintiffs' expert disclosures related to merits issues |
| *Defendants to depose Plaintiffs' experts related to merits issues* | Forty-five (45) days following Plaintiffs' expert disclosures related to merits issues |
| *Plaintiffs to depose Defendants' rebuttal expert witnesses related to merits issues* | Forty-five (45) days following Defendants' disclosures of rebuttal experts related to merits issues |
| *Expert discovery cut-off* | Forty-five (45) days following Defendants' disclosures of rebuttal experts related to merits issues |
| *File dispositive pretrial motions and Daubert motions* | Forty-five (45) days following the close of expert discovery |
| *File oppositions to dispositive pretrial motions and Daubert motions* | Thirty (30) days following filing of any dispositive pretrial motions or Daubert motions |

| EVENT | PROPOSED DEADLINE |
|---|---|
| *File reply briefs in support of dispositive pretrial motions and Daubert motions* | Fourteen (14) days following filing of any opposition to dispositive pretrial motions or Daubert motions |
| *Hearing on dispositive pretrial motions and Daubert motions* | At the Court's convenience |
| *Pretrial conference* | TBD |
| *Motion in limine hearing date* | TBD |
| *Trial to begin* | TBD |

## XVIII. TRIAL

Plaintiffs have requested a trial by jury of all matters that can be so tried. When Defendants answer Plaintiffs' Complaint, they too will request a jury trial. The Parties anticipate that a trial in this matter will require approximately eight Court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 29, 2013, Plaintiffs' counsel filed their certificate of interested entities or persons. (Dkt. 3.) On June 14, 2013, Defendants filed their certificates of interested entities or person. (Dkts. 16, 17.)

## XX. OTHER MATTERS

At this time, the Parties are unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

              *    *    *

Respectfully submitted,

**JOHN LOCKE and DAMION PERRINE**, individually and on behalf of all others similarly situated,

Dated: October 4, 2013    By:  /s/ Benjamin S. Thomassen
                 Benjamin S. Thomassen

SEAN P. REIS – SBN 184044
(sreis@reisfirm.com)
THE REIS LAW FIRM, A.P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 713-9440

RAFEY S. BALABANIAN
(rbalabanian@edelson.com)*
CHRISTOPHER L. DORE
(cdore@edelson.com)*
BENJAMIN S. THOMASSEN
(bthomassen@edelson.com)*
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Admitted *pro hac vice*

|  | **SEGA OF AMERICA, INC., and GEARBOX SOFTWARE, L.L.C.,** |
|---|---|
| Dated:  October 4, 2013 | By:   */s/ Rodger R. Cole*<br>            Rodger R. Cole |

RODGER R. COLE (CSB No. 178865)
(rcole@fenwick.com)
JENNIFER L. KELLY (CSB No. 193416)
(jkelly@fenwick.com)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street Mountain View, CA 94041
Telephone: 650.988.8500

*Attorneys for Defendants*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Rodger R. Cole, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

| Dated:  October 4, 2013 | By:   */s/ Rodger R. Cole*<br>            Rodger R. Cole |
|---|---|