Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOCKE and DAMION PERRINE, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SEGA OF AMERICA, INC., a California corporation, and GEARBOX SOFTWARE, L.L.C., a Texas limited liability company,<br><br>    *Defendants*. | Case No. 3:13-cv-01962-JD<br><br>**PLAINTIFFS' MOTION TO DISMISS CLAIMS AND WITHDRAW CLASS REPRESENTATIVE**<br><br>Judge: Honorable James Donato<br>Action Filed: April 29, 2013 |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on September 10, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard before the Honorable James Donato, in Courtroom 11, 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs John Locke and Damion Perrine intend to move the Court for an Order pursuant to Federal Rule of Civil Procedure 41(a)(2) allowing the voluntary dismissal of Plaintiff Perrine's claims without prejudice and his withdrawal as a class representative from this case.

Plaintiffs' Motion is based upon this Notice, the Memorandum of Points and Authorities filed herewith, the exhibits attached thereto, and the record in this matter, along with any oral argument that may be presented to the Court and evidence submitted in connection therewith.

## Issues To Be Decided

1. Whether the Court should permit Plaintiff Perrine (who is presently incarcerated in Pennsylvania) to voluntarily dismiss his claims without prejudice and without costs being assessed, where Plaintiff Locke will continue to prosecute every claim presently asserted in this class action.

2. Whether the Court should permit Plaintiff Perrine to withdraw as Class Representative.

Dated: July 30, 2014

**DAMION PERRINE and JOHN LOCKE**, individually and on behalf of a class of similarly situated individuals,

By: /s/ Benjamin S. Thomassen
      One of Plaintiffs' Attorneys

Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

## I. INTRODUCTION

Plaintiffs Damion Perrine ("Perrine") and John Locke ("Locke") commenced this action against Defendants Sega of America, Inc. ("Sega") and Gearbox Software, LLC ("Gearbox") in April of 2013. Despite diligently pursuing the litigation for over a year, Plaintiff Perrine has decided that he is no longer able to continue as a named plaintiff in this case due to personal and legal issues. Accordingly, Plaintiffs bring the instant motion under Federal Rule of Civil Procedure 41(1)(a), requesting that Perrine be dismissed from this case and withdrawn as a representative of the putative class.[1] The case will continue to proceed, as Plaintiff Locke intends (and is able) to continue as a class representative.

As explained below, the Court can (and should) dismiss Perrine's claims under Rule 41(a)(1) because Defendants will suffer no resulting legal prejudice. Plaintiffs likewise demonstrate that dismissal is sought for good cause and borne out of necessity, as Perrine is currently incarcerated and unable to effectively continue his duties as a class representative. Further, Perrine's claims should be dismissed without prejudice and without assessed costs, as Plaintiffs timely and diligently bring this Motion and Defendants have suffered no legal or financial disadvantage.

Accordingly, Plaintiffs respectfully request that Plaintiff Perrine be permitted to withdraw as a class representative and for his claims to be voluntarily dismissed.

## II. STATEMENT OF FACTS

Plaintiff Perrine filed his Class Action Complaint against Defendants on April 29, 2013, alleging that Defendants fraudulently and deceptively marketed the Aliens: Colonial Marines video game. (Dkt. 1.) On July 5, 2013, Plaintiff filed his First Amended Complaint, adding Plaintiff Locke as a named plaintiff. (Dkt. 26.)

In or around the first week of June 2014, Plaintiffs' counsel began experiencing difficulty reaching Mr. Perrine. (*See* Declaration of Benjamin Thomassen ("Thomassen Decl."), ¶ 3.) Despite

---

[1] Prior to the filing of this Motion, counsel for Plaintiffs attempted to obtain a stipulation from all parties allowing Perrine to withdraw from this case. Defendant Gearbox refused to consent.

two weeks of repeated emails and telephone calls, Mr. Perrine remained unresponsive. (*Id*.) On June 16, 2014, Plaintiffs' counsel learned that Mr. Perrine had been arrested on June 4, 2014 in Westmoreland County, Pennsylvania. (*Id*. ¶ 4.) Though the Westmoreland County Sheriff's Office indicated that Mr. Perrine had been released shortly after his initial arrest, Plaintiffs' counsel remained unable to locate him—despite calling several of Mr. Perrine's known relations and acquaintances. (*Id*. ¶¶ 5–6.) Given the overall situation, Plaintiffs' counsel sent Mr. Perrine a letter—via email, USPS Certified Mail, and FedEx Overnight—explaining that if Mr. Perrine did not contact Plaintiffs' counsel before the Parties' scheduled case management conference, Plaintiffs' counsel would have no choice but to withdraw their representation of him and move forward without him as a named class representative in the matter, but explained that he would remain a part of any settlement class that was approved by the Court. (*Id.* ¶ 7.)

On June 26, 2014, the Parties appeared before the Court for a case management conference. There, counsel for Plaintiffs explained to the Court that Mr. Perrine had gone completely out of contact, described Plaintiffs' counsel's many attempts to contact Mr. Perrine, but could not confirm—with absolute certainty—that Mr. Perrine had received those communications (i.e., due to his complete non-responsiveness beginning in June 2014). (*Id.* ¶ 8.) Unsatisfied that Plaintiffs' counsel had done enough to contact Mr. Perrine and properly drop him from the case, the Court struck Plaintiffs' Notice of Written Consent to File Second Amended Complaint, (Dkt. 63), wherein both Defendants had consented to the filing of a Second Amended Complaint that named Mr. Locke as the sole representative plaintiff in this matter, (*see* Dkt. 62). In a minute order, the Court instructed Plaintiffs' counsel "to resolve the procedural issues as needed" relating to the Second Amended Complaint and the status of Mr. Perrine. (Dkt. 64.)

Following the case management conference, Plaintiffs' counsel engaged a licensed detective agency, First Legal Investigations, to assist in attempting to locate Mr. Perrine. (Thomassen Decl. ¶ 9.) On July 3, 2014, representatives from First Legal Investigations informed Plaintiffs' counsel that the Westmoreland County Sheriff's Office's records had been updated to reflect that Mr.

Perrine had in fact not been released, but instead was still in custody and had been transferred to the Allegheny County Jail in Pittsburgh, Pennsylvania. (*Id.* ¶ 10.) On July 11, 2014, Plaintiffs' counsel traveled to the Allegheny County Jail to meet with Mr. Perrine in person. (*Id.* ¶ 11.) During the meeting, Plaintiffs' counsel informed Mr. Perrine as to the status of the case and the settlement. (*Id.* ¶ 12.) Mr. Perrine expressed that he could not proceed as a class representative due to his legal troubles and his inability to stay in contact with his counsel due to his incarceration. (*Id.*) In turn, Mr. Perrine authorized the filing of a Second Amended Class Action Complaint on behalf of Mr. Locke and the putative class only (i.e., the same document filed at Dkt. 62) and authorized Plaintiffs' counsel to negotiate a settlement agreement with Sega on behalf of Mr. Locke and the putative class. (*Id.*)

On July 11, 2014, Plaintiffs' counsel emailed counsel for Sega and Gearbox and indicated to both that "[p]er the Court's instruction, we've tracked down Mr. Perrine and have his authorization to move forward with the Second Amended Complaint that we previously filed on June 26th," and that Plaintiffs' counsel would forward "a revised notice of consent [to file the Second Amended Complaint]" for review. (*Id.* ¶ 13.) On July 29, 2014, Plaintiffs' counsel again emailed counsel for Sega and Gearbox, providing draft copies of (1) a revised Notice of Written Consent to File Second Amended Complaint, (2) a declaration explaining the circumstances (described above) under which Plaintiffs' counsel received Mr. Perrine's permission to file the Second Amended Complaint, and (3) the Second Amended Complaint, which was identical to that previously filed with the Court, (Dkt. 62). (*Id.* ¶ 14.) Having not heard from Gearbox, Plaintiffs' counsel called counsel for Gearbox on July 30, 2014 to obtain permission to move forward with the filing. (*Id.* ¶ 15.) Then, for the first time, counsel for Gearbox indicated that they would not consent to the filing of the Second Amended Complaint. (*Id.*)

**III. ARGUMENT**

Federal Rule 41(a)(2) permits courts, at their discretion, to dismiss an action "at the plaintiff's request" and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2);

*Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir.1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (citations omitted). In the context of class actions involving multiple putative class representatives, a representative plaintiff may move to voluntarily dismiss his claims under Rule 41(a)(2) and also seek the court's permission to withdraw as a class representative. *See Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *1 (N.D. Cal. Mar. 13, 2012) ("Before the Court is Plaintiffs' motion to allow Angel Fraley and Paul Wang to dismiss their claims against Facebook without prejudice and to withdraw as class representatives, pursuant to Federal Rule of Civil Procedure 41(a)(2)."). In such cases, courts will also consider whether absent class members would suffer prejudice from the requested withdrawal. *See, e.g., id.* at *3.

When deciding a motion for voluntary dismissal pursuant to Rule 41(a)(2)—whether in the context of a class action or otherwise—the court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Fraley*, 2012 WL 893152, at *2 (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)).

Here, as explained below, Defendants would not be prejudiced by Perrine's dismissal from the case, which was timely requested and is properly explained. Accordingly, Plaintiffs' request for dismissal should be granted without prejudice and without costs.

    **A.    Dismissal is proper—neither Defendants nor the class will suffer legal prejudice from the dismissal of Perrine's claims and his withdrawal as class representative.**

To start, dismissal of Perrine's claims should be granted because it will not cause either Defendant to suffer any legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (internal citations omitted) (noting that voluntary dismissal under Rule 41(a)(2) should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result.").

"[Plain] [l]egal prejudice means prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)) (internal quotation marks omitted). "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice." *Id.* (quoting *Westlands*, 100 F.3d at 97) (internal quotation marks omitted). Plain legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145. Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands,* 100 F.3d at 97; *Williams*, 227 F.R.D. at 539.

Here, Defendants will not suffer plain legal prejudice from the dismissal of Perrine's claims. There is no legal interest, legal claim, or legal argument for Defendants that will be negatively impacted should Perrine be dismissed, as the case (in its entirety) will proceed with Plaintiff Locke—who alleges claims *identical* to Perrine's and seeks to represent the exact same putative class. As such, any time, resources, or other efforts spent preparing to defend Mr. Perrine's claim—even though the case has been in a settlement posture most of this year, making such expenditures unlikely—were far from wasted. And looking forward, the removal of Perrine from the case will only save Defendants resources in the long run.

As for absent putative Class members, the fact that (i) a class has not yet been certified and (ii) Locke will continue to prosecute this class action against the Defendants—and seek the Court's approval for a partial class settlement with Sega—means that no prejudice will result. *See Fraley*, 2012 WL 893152, at *3 (noting no prejudice resulted to absent class members because the "putative class action has not yet been certified" and the "remaining putative class representatives each intend[ed] to continue to prosecute [the] action . . . [and] all bring the same causes of action as did [the withdrawing class representatives]").

What's more, Perrine's dismissal is not sought for some tactical advantage—rather, he seeks to withdraw for good cause and out of necessity. As an incarcerated class representative, Perrine

would face serious difficulty and hardship in reviewing and/or approving legal filings and documents, preparing for depositions or other matters requiring his testimony, participating in settlement discussions, or remaining active in this consumer case in any way. Further, Perrine's incarceration impacts his basic ability to stay in contact with his counsel, as evidenced by the many weeks in which Plaintiffs' counsel was unable to locate or reach him. (Thomassen Decl. ¶¶ 3–10.)

Accordingly—as neither Defendants nor the putative class will suffer legal prejudice and Plaintiff demonstrates good cause—Perrine's dismissal from the case is both proper and warranted.

### B. Perrine's claims should be dismissed without prejudice.

Considering the early stage of the litigation (as well as Plaintiffs' reasons for seeking dismissal), Perrine's claims should also be dismissed without prejudice. In determining whether dismissal should be granted with or without prejudice, courts typically consider the following three factors: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need for dismissal. *Burnette v. Godshall,* 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993) (quoting *Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir. 1987)). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnett,* 828 F. Supp. at 1443.

Here, all three factors support granting the dismissal of Perrine's claims without prejudice. First, Defendants have expended no extra effort or expense preparing for trial on account of Plaintiff Perrine, as both Plaintiffs have the same claims (and nearly identical facts) that would have necessitated the exact same investigation. Nor have Defendants been made to incur the expense of deposing Plaintiff Perrine or engaging in significant discovery—in fact, Defendants have not propounded any interrogatories or document requests on Mr. Perrine, and have only produced documents and information in the context of the Parties' settlement efforts. (Thomassen Decl. ¶ 16.) Second, Plaintiffs have not delayed in bringing this matter to the Court's attention. As explained in Section II *supra*, Plaintiffs' counsel immediately notified both the Court and Defendants' counsel

after losing contact with Mr. Perrine, notified Defendants once Mr. Perrine had been located, and confirmed that he sought to withdraw from this case (i.e., through the filing of the Second Amended Complaint, as discussed *supra*). And less than two months have elapsed from the date of Mr. Perrine's arrest to the filing of this Motion—further indicating Plaintiffs' diligence in seeking relief. Third and finally, Plaintiffs have adequately explained the reasons behind their request, which is borne out of necessity. Mr. Perrine is incarcerated and admittedly unable to continue his service as class representative. He cannot maintain regular contact with his attorneys, nor can he review necessary legal documents with the required expeditiousness.

Accordingly, Perrine's claims should be dismissed without prejudice.

**C.     Perrine's claims should be dismissed without costs.**

Perrine's claims should likewise be dismissed without an assessment of costs. To determine whether costs should be awarded to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540 (quoting 8–41 Moore's Fed. Prac. Civ. § 41.40[10][d][I] ) (alterations and footnote omitted); *see also Fraley,* 2012 WL 893152 at *5.

Here, as explained above, the dismissal of Perrine's claims without prejudice does not expose Defendants to any excessive or duplicative expense, as all costs borne by Defendants relate to the defense of the case generally and the exact same case proceeds with Plaintiff Locke—ensuring that no expenses were wasted. Further, should the Parties reach a class action settlement in this case, Perrine would fall within the definition of the class like every other absent class member, and his claims would be resolved without potential future litigation. Likewise, it is a relatively early point in the overall litigation, and Perrine has not caused Defendants to incur any discovery expenses they otherwise would have bore. The Parties have only recently had their initial Case Management Conference with this Court, discovery has yet to begin in earnest (i.e., apart from

those discovery proceedings that took place in the context of the Parties' settlement discussions), and neither Plaintiffs nor Defendants have yet to be deposed. Finally, Plaintiffs' request for dismissal was filed with diligence, given that the circumstances necessitating dismissal arose only within the past two months.

Accordingly, dismissal without costs is appropriate as well.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs Damion Perrine and John Locke respectfully request that the Court enter an Order dismissing Plaintiff Perrine's claims in this case without prejudice, without an assessment of costs, and permitting him to withdraw as a class representative.

Dated: July 30, 2014

**DAMION PERRINE and JOHN LOCKE**, individually and on behalf of a class of similarly situated individuals,

By: /s/ Benjamin S. Thomassen
   One of Plaintiffs' Attorneys

Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, an attorney, hereby certify that on July 30, 2014, I served the above and foregoing ***Plaintiffs' Motion to Dismiss Claims and Withdraw Class Representative*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Benjamin S. Thomassen