Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LOCKE and DAMION PERRINE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SEGA OF AMERICA, INC., a California corporation, and GEARBOX SOFTWARE, L.L.C., a Texas limited liability company,<br><br>*Defendants*. | Case No. 3:13-cv-01962-JD<br><br>**DECLARATION OF BENJAMIN S. THOMASSEN**<br><br>Judge: Honorable James Donato<br>Action Filed: April 29, 2013 |

I, Benjamin S. Thomassen, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1. I am an attorney at the law firm of Edelson PC and I was retained to represent Plaintiffs Damion Perrine and John Locke in the above-titled action. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify as a witness in this

DECLARATION OF BENJAMIN S. THOMASSEN                                  CASE NO. 3:13-cv-01962-JD

1 action, I could and would testify truthfully to the matters set forth herein.

2. On March 22, 2013, Mr. Perrine signed an engagement letter with my law firm to prosecute his claims against Defendants Sega of America, Inc. ("Sega") and Gearbox Software, L.L.C. ("Gearbox"). One of the terms of the engagement was that Mr. Perrine would provide my firm with up-to-date contact information where he could be readily reached during the course of the litigation in the event my firm needed to contact him. In my view, Mr. Perrine always took that obligation very seriously, routinely advised me when his contact information would change or when he'd be unavailable, and was always very good about staying in touch and quickly responding to any attempts from me or the other attorneys at my firm to contact him.

3. However, beginning in the first week of June 2014, I began having difficulty contacting Mr. Perrine. Specifically, on June 2 and 3, 2014, I emailed Mr. Perrine regarding the status of the settlement in this matter (i.e., between him, John Locke and Sega of America, Inc.), the terms of which Mr. Perrine had previously reviewed and approved. Over the next two weeks, I repeatedly attempted to contact Mr. Perrine by email and at his cell phone number—and while I left voicemails for him, Mr. Perrine never responded to any of my attempts to contact him.

4. On June 16, 2014, during the course of our investigation into Mr. Perrine's whereabouts, my firm learned that Mr. Perrine had been arrested on June 4, 2014 in Westmoreland County, Pennsylvania.

5. On June 17, 2014, I, along with another attorney at my firm, called the Westmoreland County Sheriff's Office and the Westmoreland County Prison to inquire as to Mr. Perrine's location. A representative of the Sheriff's Office confirmed that Mr. Perrine had been arrested and detained, but advised that Mr. Perrine had been released shortly after his arrest in early June 2014. A representative of the County Prison confirmed that Mr. Perrine was not in custody, but could provide no additional information as to Mr. Perrine's whereabouts.

6. Given that the representatives of the Sheriff's Office and County Prison had no additional information as to Mr. Perrine's whereabouts, coupled with the fact that Mr. Perrine

hadn't responded to any of my firm's attempts to contact him, I and other attorneys at my firm continued to contact individuals whom we believed may have information as to Mr. Perrine's whereabouts. Specifically, between June 12 and June 18, 2014, my firm called Misty Perrine, Angela Meier, Marion and John Donley, David Donley, Stephanie Donley, Stephanie Marks, Robert Marks, Adam Grove, Christian Hart, Troy Hart, Christina Stockton, and Mellissa Coldren—all of whom had known or suspected relationships with Mr. Perrine. In all, none of these individuals (i.e., in addition to the representatives we spoke with at the Westmoreland County Sheriff's Office and the Westmoreland County Prison) provided us with updated information as to Mr. Perrine's whereabouts.

7. On June 18, 2014, I sent Mr. Perrine a letter (via email, USPS Certified Mail, and FedEx Overnight) explaining that if Mr. Perrine did not contact my firm before the Parties' scheduled case management conference, my firm would have no choice but to withdraw our representation of him and move forward without him as a named class representative, but explained that he would remain a part of any settlement class that was approved by the Court.

8. On June 26, 2014, the Parties appeared before the Court for a case management conference. During the conference, I explained to the Court that Mr. Perrine had gone completely out of contact with my firm and described my firm's many attempts to contact Mr. Perrine, but indicated that our firm could not confirm—with absolute certainty—that Mr. Perrine had received those communications (due to his complete non-responsiveness).

9. On June 30, 2014, my firm engaged First Legal Investigations—a licensed detective agency—to assist in locating Mr. Perrine.

10. On July 3, 2014, a representative from First Legal Investigations informed my firm that the Westmoreland County Sheriff's Office's records had been updated to reflect that Mr. Perrine had in fact not been released, but instead was still in custody, and had been transferred to the Allegheny County Jail in Pittsburgh, Pennsylvania.

11. On July 11, 2014, I traveled to the Allegheny County Jail and met with Mr. Perrine

DECLARATION OF BENJAMIN S. THOMASSEN   3   CASE NO. 3:13-cv-01962-JD

in person. As of July 11th, Mr. Perrine was still in custody.

12. During our in-person meeting, I informed Mr. Perrine as to the status of the case and the settlement. In our discussion, Mr. Perrine agreed and acknowledged that he could not proceed as a class representative in this matter due to his legal troubles, and his inability to stay in ready contact with my firm due to his incarceration. Accordingly, Mr. Perrine authorized the filing of a Second Amended Class Action Complaint on behalf of Mr. Locke and the putative class (i.e., with Mr. Locke as the sole named Plaintiff and putative Class Representative), authorized my firm to prosecute this matter without him as a named plaintiff, and authorized my firm to negotiate a settlement agreement with Defendant Sega of America, Inc. ("Sega") on behalf of Mr. Locke and the putative class.

13. On July 11, 2014 I emailed counsel for Sega and Gearbox Software, LLC ("Gearbox") and indicated to both that "[p]er the Court's instruction, we've tracked down Mr. Perrine and have his authorization to move forward with the Second Amended Complaint that we previously filed on June 26th," and that my firm would forward "a revised notice of consent [to file the Second Amended Complaint]" for their review.

14. On July 29, 2014, I again emailed counsel for Sega and Gearbox, and provided draft copies of (1) a revised Notice of Written Consent to File Second Amended Complaint, (2) a declaration explaining the circumstances under which I received Mr. Perrine's permission to file the Second Amended Complaint (as described herein), and (3) the Second Amended Complaint, which was identical to that previously filed with the Court, (Dkt. 62).

15. Having received no response from Gearbox, I called Gearbox's counsel on July 30, 2014 to obtain permission to move forward with the filing. In response, Gearbox's counsel indicated, for the first time, that Gearbox would not consent to the filing of the Second Amended Complaint.

16. To date, Defendants have not propounded any interrogatories or document requests on Mr. Perrine, and have only produced documents and other information in the context of the

1 | Parties' settlement efforts.
2 |     I declare under penalty of perjury that the foregoing is true and correct.
3 | Executed July 30, 2014 at Chicago, Illinois.
4 |                                      /s/ Benjamin S. Thomassen