# Exhibit 1

1  Mark S. Eisen (SBN - 289009)
   meisen@edelson.com
2  EDELSON PC
   555 West Fifth Street, 31st Floor
3  Los Angeles, California 90013
   Tel: 213.533.4100
4  Fax: 213.947.4251

5  Rafey S. Balabanian (Admitted *Pro Hac Vice*)
   rbalabanian@edelson.com
6  Christopher L. Dore (Admitted *Pro Hac Vice*)
   cdore@edelson.com
7  Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
   bthomassen@edelson.com
8  EDELSON PC
   350 North LaSalle Street, Suite 1300
9  Chicago, Illinois 60654
   Tel: 312.589.6370
10 Fax: 312.589.6378

11 *Attorneys for Plaintiff John Locke and the Putative Class*

12

13                 **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15 | JOHN LOCKE, individually and on behalf of | Case No. 3:13-cv-01962-JD |
   | all others similarly situated, | |
16 | | |
   | *Plaintiff,* | |
17 | | **PARTIAL CLASS ACTION SETTLEMENT** |
   | *v.* | **AGREEMENT** |
18 | | |
   | SEGA OF AMERICA, INC., a California | |
19 | corporation, and GEARBOX SOFTWARE, | Judge: Honorable James Donato |
   | L.L.C., a Texas limited liability company, | Action Filed: April 29, 2013 |
20 | | |
   | *Defendants.* | |

21

22         This Partial Settlement Agreement ("Agreement") is entered into by and among Plaintiff

23 John Locke ("Locke" or "Plaintiff," as defined below), for himself individually and on behalf of

24 the Settlement Class, and Defendant Sega of America, Inc. ("Sega") (Plaintiff and Sega are

25 collectively referred to herein as the "Parties," as defined below). This Agreement is intended by

26 the Parties to fully, finally, and forever resolve, discharge, and settle against Sega the Released

27 Claims (as the term is defined below) upon and subject to the terms and conditions hereof, and

28

1   subject to the approval of the Court. This partial settlement does not resolve the claims of Plaintiff

2   against Gearbox Software L.L.C.

3   **RECITALS**

4        A.     WHEREAS, on April 29, 2013, Damion Perrine ("Perrine") filed a putative class

5   action in the United States District Court for the Northern District of California, now captioned

6   *Locke v. Sega of America, Inc. et al.*, Case No. 3:13-cv-01962-JD (the "Action"), regarding the

7   recently released video game, Aliens: Colonial Marines ("Aliens: Colonial Marines"). In the

8   Action, Perrine sought monetary damages and an injunction, amongst other relief. (Dkt. 1);

9        B.     WHEREAS, on June 14, 2013, Defendants Sega of America, Inc. ("Sega") and

10   Gearbox Software, L.L.C. ("Gearbox") (collectively with Sega, "Defendants") moved to dismiss

11   Perrine's initial Complaint, arguing that Perrine's California state law claims failed as a matter of

12   law and that Perrine failed to properly state any other claim. (Dkt. 14);

13        C.     WHEREAS, on July 5, 2013, Perrine filed an Amended Complaint responding to

14   Defendants' Motion to Dismiss as well as adding John Locke ("Locke") as a party-plaintiff (in

15   these Recitals, Perrine and Locke are collectively referred to as the "Plaintiffs"). (Dkt. 26);

16        D.     WHEREAS, on July 22, 2013, Defendants filed a motion to dismiss two counts of

17   the Amended Complaint. (Dkt. 29);

18        E.     WHEREAS, on October 3, 2013, the Court denied Defendants' motion to dismiss

19   the Amended Complaint in its entirety. (Dkt. 40);

20        F.     WHEREAS, shortly after the Court's decision on the motion to dismiss, beginning

21   in October 2013, the Plaintiffs and Defendants engaged in discovery. Plaintiffs propounded their

22   first round of discovery requests—including both interrogatories and requests for the production of

23   documents—on Defendants, Defendants in turn noticed the depositions of both Plaintiffs, and all

24   Parties exchanged their initial disclosures;

25        G.     WHEREAS, on October 31, 2013, Defendants answered Plaintiffs' Amended

26   Complaint, denying any wrongdoing and the material allegations of the Amended Complaint and

27   setting forth eight affirmative defenses. (Dkt. 43);

28

H.      WHEREAS, shortly after the pleadings were set, the Plaintiffs and Defendants scheduled an in-person mediation to take place in January 2014 and exchanged information in anticipation of the mediation, including information regarding the size of the potential class, the marketing of Aliens: Colonial Marines, and the contractual relationships surrounding the development of Aliens: Colonial Marines;

I.      WHEREAS, on January 21, 2014, the Plaintiffs and Defendants engaged in an all-day mediation presided over by Judge Rebecca Westerfield (Ret.) of JAMS. The Plaintiffs and Defendants did not reach an agreement, but settlement negotiations remained ongoing with Defendants requesting three weeks to consider Plaintiffs' last offer;

J.      WHEREAS, on March 31, 2014, the Plaintiffs and Sega (but not Gearbox) reached agreement on the material terms of a settlement;

K.      WHEREAS, following the June 26, 2014 Case Management Conference and after additional negotiation and discussion by and among Plaintiffs and Defendants, the Parties agreed to modify certain terms of their settlement agreement in several respects, including so as to make clear that Gearbox is not settling the claims asserted by Plaintiff in this lawsuit and is excluded  as a Released Party;

L.      WHEREAS, on July 30, 2014, Plaintiff Perrine moved the Court to voluntarily dismiss his claims against Defendants and withdraw as a named Plaintiff in this matter, which motion remains pending before the Court as of the date of the Parties' execution of this Agreement;

M.      WHEREAS, at all times, Defendant Sega has denied and continues to deny any wrongdoing whatsoever or that it committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action and contends that it has acted properly in all regards in connection with its development and marketing practices, and the Settlement Class. Nonetheless, taking into account the costs, burden, and uncertainty inherent in any litigation, Plaintiff and Defendant Sega have each concluded that it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set

forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant Sega with respect to any claim of any fault or liability or wrongdoing or damage whatsoever;

N.    WHEREAS, Plaintiff believes that the claims asserted in the Action have merit and Defendant Sega believes the claims asserted in the Action have no merit. Consequently, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Sega through trial and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement. Class Counsel and Plaintiff also believe that this Agreement has been entered in good faith given the risks that Plaintiff has in the lawsuit against Sega, that the settlement amount Sega is prepared to pay reflects the risk and burdens that the Plaintiff faces in the lawsuit, and, given that risk, both that the settlement amount is within the reasonable range of what Plaintiff contends is Sega's proportional share of comparative liability for the Settlement Class' injuries, and the amount Sega is paying to settle the suit is, according to Plaintiff and Class Counsel, a rough approximation of  Sega's proportionate liability of Plaintiff's total potential recovery against any defendant.

O.    WHEREAS, the Parties agree that the Action was resolved in good faith, following arm's-length bargaining through a mediator, and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them;

P.    WHEREAS, the Parties agree that all Persons shall have an individual right to

1    exclude themselves from the Settlement Class, such that participation in the settlement by

2    accepting the benefits provided by this Agreement shall be voluntary;

3            NOW, THEREFORE, the Parties stipulate and agree that any and all Released Claims

4    against Sega, and all other Released Parties, shall be finally settled and resolved on the terms and

5    conditions set forth in this Agreement, subject to Court approval, as a fair, reasonable, and

6    adequate settlement.

7                                            **AGREEMENT**

8    **1.      DEFINITIONS**

9            As used herein, in addition to any definitions set forth elsewhere in this Agreement, the

10   following terms shall have the meanings set forth below:

11           **1.1**      "***Action***" means the case captioned *Locke v. Sega of America, Inc. et al.*, Case No.

12   3:13-cv-01962-JD (N.D. Cal.), and any amendments thereto.

13           **1.2**      "***Agreement***" means this Partial Class Action Settlement Agreement (including all

14   exhibits hereto).

15           **1.3**      "***Approved Claim***" means a Claim Form submitted by a Settlement Class Member

16   that: (i) is timely and submitted in accordance with the directions on the Claim Form and the terms

17   of this Agreement, (ii) is physically signed or electronically verified by the Settlement Class

18   Member, and (iii) satisfies the conditions of eligibility for a Settlement Payment as set forth in

19   Section 2.1.

20           **1.4**      "***Claim Form***" means the form attached hereto as Exhibit B, as approved by the

21   Court. The Claim Form shall be available for download from the Settlement Website in electronic

22   format and from the Settlement Administrator in hard-copy form. The Claim Form will require the

23   Settlement Class Member to provide the following information: (i) full name, current address,

24   telephone number (optional), and e-mail address, (ii) the date on which he, she, or it purchased a

25   copy of Aliens: Colonial Marines (that date being no later than February 12, 2013), (iii) the place

26   he, she or it purchased Aliens: Colonial Marines (not merely the city or state), and (iv) the amount

27   he, she, or it paid for a copy of Aliens: Colonial Marines. In lieu of the information required by

28

item nos. (ii), (iii) and (iv), the Settlement Class Member may provide proof that he, she, or it purchased a copy of Aliens: Colonial Marines on or before February 12, 2013. The Claim Form will not require notarization, but will require the Person supplying the information to sign the Claim Form under penalty of perjury.

1.5   "*Claims Deadline*" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date sixty (60) days after the Fairness Hearing. The Claims Deadline shall be clearly set forth in the Notice to be provided to the Settlement Class, the Claim Form, the Court's order granting Preliminary Approval, and the Judgment.

1.6   "*Class Counsel*" means attorneys Rafey S. Balabanian, Christopher L. Dore, Benjamin S. Thomassen, and Mark S. Eisen of Edelson PC.

1.7   "*Class Representative*" means the named Plaintiff in this Action, John Locke.

1.8   "*Court*" means the United States District Court for the Northern District of California, the Honorable James Donato presiding, or any judge who shall succeed him as the presiding judge in this Action.

1.9   "*Cy Pres Recipient*" means the National Consumer Law Center and Consumers Union, as selected by the Parties and approved by the Court.

1.10   "*Effective Date*" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment, (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand), or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

1.11   "*Fairness Hearing*" means the hearing before the Court where the Parties will

1    request the Judgment be entered by the Court finally approving the settlement as fair, reasonable,

2    and adequate, and entered between Plaintiff and Sega in good faith, and approving the Fee Award

3    and any incentive award to the Class Representative.

4      **1.12** "*Fee Award*" means the amount of attorneys' fees and reimbursement of costs

5    approved and awarded by the Court to Class Counsel.

6      **1.13** "*Gearbox*" means Gearbox Software, L.L.C., a Texas limited liability company.

7      **1.14** "*Judgment*" means the order of final judgment to be entered by the Court finally

8    approving this Agreement, without material modifications that are unacceptable to the Parties.

9      **1.15** "*Nationwide*" means the fifty (50) states, the District of Columbia, and the

10   territories of the United States of America.

11     **1.16** "*Notice" or "Settlement Class Notice*" means the notice of this proposed

12   Settlement Agreement and Fairness Hearing, which is to be sent to the Settlement Class

13   substantially in the manner set forth in this Agreement, and that is substantially in the form of

14   Exhibits A, C, and D, attached hereto.

15     **1.17** "*Notice Date*" means the date upon which Notice to the Settlement Class is

16   completed, which shall be no later than 20 days after Preliminary Approval, or such other date as

17   the Court may order.

18     **1.18** "*Notice Plan*" means the plan described in Section 4 of this Agreement for

19   disseminating notice to the Settlement Class of the terms of this Agreement and the Fairness

20   Hearing.

21     **1.19** "*Objection/Exclusion Deadline*" means the date by which a written objection to

22   this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement

23   Class must be filed or postmarked, which shall be designated as a date no later than forty-five (45)

24   days after the Notice Date.

25     **1.20** "*Parties*" means, collectively, Plaintiff John Locke and Defendant Sega of America,

26   Inc.

27     **1.21** "*Person*" means any individual, corporation, trust, partnership, limited liability

28

company, or other legal entity and their respective predecessors, successors or assigns. The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.22    "*Preliminary Approval*" means the Court's entry of an order preliminarily approving this Agreement, certifying the Settlement Class for settlement purposes, approving the form of the Notice and the Notice Plan, directing that Notice be disseminated to the Settlement Class in accordance with this Agreement, and scheduling the date for the Fairness Hearing.

1.23    "*Purchase Price*" means the amount of money paid to purchase a copy of Aliens: Colonial Marines.

1.24    "*Released Claims*" means any and all claims or causes of action of every kind and description (including any causes of action in law, claims in equity, complaints, suits, or petitions) and any allegations of wrongdoing (including any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable, or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that the Releasing Parties had or have (including assigned claims and "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including any state, local or federal regulatory body), in any jurisdiction worldwide, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related in any way to: (1) Aliens: Colonial Marines, including but not limited to the design, use, functionality, operation, and/or performance of Aliens: Colonial Marines, (2) the marketing and advertising of Aliens: Colonial Marines as it relates to the design, use, functionality, operation, and/or

performance of Aliens: Colonial Marines, (3) warranties, representations, or omissions relating to the design, use, functionality, operation, and/or performance of Aliens: Colonial Marines, and (4) all claims that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action. Nothing herein is intended to release any claims any governmental agency or governmental actor has against the Released Parties.

1.25   "*Released Parties*" means Sega, its respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, successors, attorneys, representatives, insurers, subrogees, and assigns of any of the foregoing.  However, this Agreement shall not operate to release Sega and Gearbox as to any claims they may have against each other, nor shall it operate to release any claims that Plaintiff or the other members of the putative class pleaded in the Complaint or other members of the Settlement Class may have against Gearbox.

1.26   "*Releasing Parties*" means Plaintiff, and those Members of the Settlement Class who do not exclude themselves from the Settlement Class by the Objection/Exclusion Deadline (whether or not such Persons submit claims). To the extent a Member of the Settlement Class is not a natural person, this definition shall include all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned present, former, and future officers, directors, employees, shareholders, attorneys, agents, and independent contractors; and, to the extent any Member of the Settlement Class is a natural person, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

1.27   "*Request for Exclusion*" is the written communication by or on behalf of a Member of the Settlement Class in which he, she, or it requests to be excluded from the Settlement Class.

1.28   "*Sega*" means Defendant Sega of America, Inc., a California corporation.

1.29   "*Sega's Counsel*" means Claude M. Stern and Karin Kramer of Quinn Emanuel

Urquhart & Sullivan, LLP.

**1.30**    "*Settlement Administration Expenses*" means the expenses incurred by the Settlement Administrator in administering the settlement, including expenses relating to providing Notice to the Settlement Class, processing Claim Forms, and mailing checks for Approved Claims, as well as any expenses incurred in the sending of notice to the relevant governmental agencies pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1715) ("CAFA"), with all such expenses to be paid from the Settlement Fund. Settlement Administration Expenses shall not exceed two hundred thousand dollars ($200,000), in accordance with the agreement between the Settlement Administrator and Sega.

**1.31**    "*Settlement Administrator*" means, subject to approval of the Court, KCC Class Action Services, which will oversee the dissemination of Notice and the processing and payment of Settlement Class Members' Claim Forms as set forth in this Agreement, as well as other aspects of administering the settlement.

**1.32**    "*Settlement Class*" means all Persons in the United States and its territories that, prior to or on February 12, 2013, paid for a copy of Aliens: Colonial Marines. Excluded from the Settlement Class are the following: (a) all Persons who file timely Requests for Exclusion, (b) all Persons who had their claims discharged in bankruptcy, finally adjudicated on the merits, or otherwise released against Sega, (c) Sega, the Settlement Administrator, and any respective parent, subsidiary, affiliate, or control person of either, as well as their officers, directors, agents, servants, or employees, (d) any judge presiding over this Action, and (e) the immediate family members of any such Person(s).

**1.33**    "*Settlement Class Member*" or "*Class Member*" means a Person who falls within the definition of the Settlement Class as set forth in this Agreement and who has not submitted a valid Request for Exclusion.

**1.34**    "*Settlement Fund*" means a non-reversionary cash settlement fund of one million, two hundred fifty thousand dollars ($1,250,000) from which Sega shall pay all Approved Claims, Settlement Administration Expenses, the incentive award to the Class Representative, the Fee

Award to Class Counsel, and any *Cy Pres* Distribution. The Settlement Fund represents the limit and extent of Sega's monetary obligations under this Agreement. The Settlement Fund shall be kept in a separate interest-bearing account of Sega's choosing, but with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made in accordance with this Agreement.

**1.35** "***Settlement Payment***" means the payments to be made on Approved Claims as described in Section 2.1 of this Agreement.

**1.36** "***Settlement Website***" means the website to be created, launched, and maintained by the Settlement Administrator, that allows for the electronic submission of claims, provides access to relevant case documents including the Settlement Class Notice and information about the submission of Claim Forms, and that includes downloadable Claim Forms.

**1.37** "***Unknown Claims***" means claims that could have been raised in this litigation and that Plaintiff, any Member of the Settlement Class, or any Releasing Party, do not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, object, or not to object to the settlement. Upon the Effective Date, Plaintiff, any Member of the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia, or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Plaintiff, the Settlement Class, and the Releasing Parties

acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.      SETTLEMENT RELIEF TO THE CLASS**

    **2.1      Payment of Claims and the Claims Process.**

        (a)      *Individual Settlement Payments to Class Members*. Each Settlement Class Member with an Approved Claim will be paid a *pro rata* share of the amount in the Settlement Fund, after payment of Settlement Administration Expenses, the Fee Award, and any incentive award to the Class Representative, up to a maximum payment of (and not to exceed) his, her, or its Purchase Price.

        (b)      *Cy Pres Distribution*. To the extent that any funds remain in the Settlement Fund after all payments to Settlement Class Members with Approved Claims have been made, such funds shall be given to the *Cy Pres* Recipient.

        (c)      *Uncashed Checks*. All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within such time period, such funds shall be directed to the *cy pres* recipient or escheat to the state in accordance with the law.

**3.      RELEASES**

    **3.1**      The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Action, including any and all Released Claims, as against all Released Parties.

    **3.2**      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, and each of them.  In addition, the Releasing Parties agree that, before they (or any of them) seek (whether informally, by notice or subpoena or otherwise) any written or other discovery (including but not limited to

1  depositions, requests to inspect or obtain documents, requests for interrogatory answers, or

2  requests for admission) from Sega or any of its Affiliates in this action, they will first seek such

3  discovery from Gearbox or from any third party, and only if such information cannot be obtained

4  from Gearbox or such third party may Releasing Parties then seek such discovery from Sega or its

5  Affiliates. Any discovery sought from Sega by the Releasing Parties will be limited to information

6  relevant to establishing liability against Gearbox.

7  **4.    NOTICE TO THE CLASS**

8      **4.1    Online Media.** Within thirty (30) days of Preliminary Approval, the Settlement

9  Administrator, within the budget approved for administration, will implement an online media

10  campaign, which shall include Internet banner ads to appear through a prominent nationwide

11  online advertisement network, including both Xaxis Premium Network and the social media site

12  Facebook, and be completed by the Notice Date. Such banner ads will be substantially in the form

13  attached hereto as Exhibit D.

14      **4.2    Print Publication Notice.** The Settlement Administrator shall also cause notice to

15  be disseminated to the Settlement Class by purchasing a one-day 1/2 page ad in *Guns & Ammo*,

16  *ESPN*, and *Rolling Stone* magazines, to be published by the Notice Date. The Settlement

17  Administrator shall also cause notice to be disseminated to the Settlement Class by causing eighth-

18  page notices to appear once a week for four consecutive weeks in the Main News or Legal section

19  of either the *San Francisco Chronicle or the Modesto Bee*. The form and content of such

20  publication notice shall be substantially the same as that attached hereto as Exhibit C, but may be

21  modified as appropriate by the Settlement Administrator, with the approval of the Parties, to fit

22  space limitations. Costs for this notice shall come out of the budget approved for settlement

23  administration in this Agreement.

24      **4.3    Settlement Website.** Within twenty-one (21) days after Preliminary Approval of

25  this Agreement, the Settlement Administrator shall cause the Settlement Website to be launched on

26  the Internet in accordance with Section 6.5 of this Agreement.

27

28

**4.4**     **CAFA Notice.** Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall serve upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement.

**4.5**     **Additional Forms of Notice.** Should the Settlement Administrator determine that additional methods of notice are required, they shall be included as part of the Notice Plan.

**4.6**     **Contents of the Settlement Class Notice.** The Notice shall advise the Settlement Class of their rights, including the right to be excluded from or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Fairness Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection submits copies of such papers to the Court either by mailing them to the Class Action Clerk, or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

**5.     OPT-OUT AND OBJECTIONS**

**5.1**     **Right to Exclusion.** Any Member of the Settlement Class may submit a Request for Exclusion from the settlement at any time on or before the Objection/Exclusion Deadline. To be valid, any Request for Exclusion must be in writing; identify the case name *Locke v. Sega of America, Inc. et al.,* No. 3:13-cv-01962-JD; state the name, address and telephone of the Person seeking exclusion; be physically signed by the Person(s) seeking exclusion; affirm that the Person submitting the Request for Exclusion purchased a copy of Aliens: Colonial Marines on or before February 12, 2013; and must be postmarked or received by the Settlement Administrator on or

1  before the Objection/Exclusion Deadline. Each Request for Exclusion must also contain a

2  statement to the effect that the Person submitting the Request for Exclusion is a Member of the

3  Class and wishes to be excluded for purposes of this partial settlement. Any requests to be

4  excluded that do not include all of the foregoing information, that are sent to an address other than

5  that designated in the Notice, or that are not postmarked within the time specified shall be invalid,

6  and the Persons listed in such a request shall be Members of the Settlement Class and shall be

7  bound as Settlement Class Members by the Agreement, if approved. Any Member of the

8  Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Judgment;

9  (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or

10  (iv) be entitled to object to any aspect of this Agreement. No Person may opt out of the Settlement

11  Class through "mass" or "class" opt-outs.

12      **5.2    Right to Object.** Any Settlement Class Member may comment in support of or in

13  opposition to this Agreement or its terms and may do so in writing, in person, or through counsel,

14  at his or her own expense, to be heard at the Fairness Hearing. Except as the Court may order

15  otherwise, no Settlement Class Member objecting to the settlement shall be heard and no papers,

16  briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be

17  received and considered by the Court unless such Settlement Class Member shall mail to or file

18  with the Court by the Objection/Exclusion Deadline a written objection with the caption *Locke v.*

19  *Sega of America, Inc. et al.,* No. 3:13-cv-01962-JD, that includes: (i) the Settlement Class

20  Member's full name and current address, (ii) a signed declaration why he, she, or it believes

21  himself, herself, or itself to be a Member of the Settlement Class, or (iii) proof that he, she, or it

22  purchased Aliens: Colonial Marines on or before February 12, 2013, (iv) the specific grounds for

23  the objection, (v) all documents or writings that the Settlement Class Member desires the Court to

24  consider, (vi) the name and contact information of any and all attorneys representing, advising, or

25  in any way assisting the objector in connection with the preparation or submission of the objection

26  or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (vii) a

27  statement indicating whether the objector intends to appear at the Fairness Hearing (either

28

personally or through counsel who must file an appearance or seek *pro hac vice* admission). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Any Settlement Class Member who fails to timely mail or file a written objection to or with the Court and notice of his or her intent to appear at the Fairness Hearing in accordance with the terms of this paragraph and as detailed in the Notice shall not be permitted to object to this Agreement at the Fairness Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

## 6.    SETTLEMENT ADMINISTRATION

Under the supervision of the Court:

**6.1**    The Settlement Administrator shall disseminate the Notice as provided in Section 4 *supra*.

**6.2**    The Settlement Administrator shall administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities performed under this Agreement. The Settlement Administrator shall maintain all such records as is required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Sega's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Sega's Counsel with information concerning Notice, the Notice Plan, and the administration and implementation of the Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a

report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

      (a)    Forward to Sega's Counsel all original documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

      (b)    Receive Requests for Exclusion from Settlement Class Members and promptly provide to Class Counsel and Sega's Counsel a copy thereof upon receipt. If the Settlement Administrator receives any Requests for Exclusion from Settlement Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall immediately provide copies thereof to Class Counsel and Sega's Counsel;

      (c)    Provide weekly reports to Class Counsel and Sega's Counsel, including without limitation, reports regarding the number of Claim Forms received; and

      (d)    Upon request, make available for inspection by Class Counsel or Sega's Counsel the Claim Forms and any other documents or correspondence received by the Settlement Administrator relating to the Settlement Agreement at any time upon reasonable notice.

**6.3**    The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse or fraud. The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the Claim Form for fraud or abuse, after giving the Person submitting the Claim Form a reasonable opportunity to provide any requested missing information. Both Sega's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed decisions of Sega's Counsel and Class Counsel. To the extent Sega's Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Settlement Administrator shall

timely decide such challenge. Within thirty (30) days after the Claims Deadline, the Settlement Administrator shall provide to Sega the names of all Settlement Class Members who submitted Approved Claim Forms.

**6.4**    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**6.5**    The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain claims information and relevant documents, including but not limited to a copy of the Notice, the Claim Form, this Agreement, the order entered by the Court preliminarily approving this Agreement, and the operative complaint in the Action and Defendants' answers. The Settlement Website shall also include a toll free telephone number and mailing address through which the Members of the Settlement Class may contact the Settlement Administrator directly.

**6.6**    The Settlement Administrator shall make all Settlement Payments by check and mail them to Settlement Class Members ninety (90) days after the Effective Date.

**7.    TERMINATION OF SETTLEMENT**

**7.1**    Subject to Paragraph 10 below, the Class Representative, on behalf of the Settlement Class, or Sega, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect, or this Court's refusal to find that this Agreement was entered into in good faith between Plaintiff and Sega; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Judgment in this Action in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Section 10.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**8.     PRELIMINARY AND FINAL APPROVAL**

**8.1**     Promptly after the execution of this Agreement, Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, appointment of Class Counsel and the Class Representative, and entry of Preliminary Approval, which order shall set a Fairness Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan.

**8.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is disseminated to the Settlement Class, the Court hold a Fairness Hearing and approve the settlement of the Action as set forth herein.  At the same time, Sega may move the Court for an order to determine that this Agreement has been entered into between Plaintiff and Sega in good faith under California Code of Civil Procedure sections 877 and 877.6 et seq.

**8.3**     After Notice is disseminated to the Settlement Class, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Agreement, including all exhibits thereto;

(b)     approve this Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, and that the Agreement has been entered into between Plaintiff and Sega in good faith; direct the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions; and declare this Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, and Releasing Parties;

(c)     find that the Notice and the Notice Plan implemented pursuant to this Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement

Class of the pendency of the Action, their right to object to or exclude themselves from this Agreement and to appear at the Fairness Hearing, (3) are reasonable and constitute due, adequate and sufficient notice to all Persons entitled to receive notice, and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing this Agreement;

(e)      dismiss the Action against Sega (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement and determined by the Court;

(f)      incorporate the Release set forth above, make the Release effective as of the date of the Judgment, and forever discharge the Released Parties as set forth herein;

(g)      permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as Settlement Class Members or otherwise) in, any lawsuit or other action against Sega in any jurisdiction based on or arising out of the Released Claims;

(h)      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and its implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Judgment, or (2) do not limit the rights of Settlement Class Members;

(i)      without affecting the finality of the Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment, and for any other necessary purpose; and

(j)      incorporate any other provisions, as the Court deems necessary and just.

**9.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**9.1**     Sega agrees that Class Counsel shall be entitled to reasonable attorneys' fees and reimbursement of expenses up to a cap of three hundred twelve thousand five hundred dollars ($312,500) to be paid from the Settlement Fund as the Fee Award.

**9.2**     If there have been no objections to the Agreement, Sega shall pay to Class Counsel from the Settlement Fund the Fee Award, as determined by the Court, within three (3) business days after the date that the Court enters the Judgment. If there have been objections to the Agreement, then Sega shall pay to Class Counsel from the Settlement Fund the Fee Award, as determined by the Court, within three (3) business days after the Effective Date. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

**9.3**     In addition to any payment to which he may be entitled under this Agreement on account of an Approved Claim, and in recognition of the time and effort he expended on behalf of the Settlement Class, subject to the Court's approval, Sega shall pay to the Class Representative from the Settlement Fund an incentive award in the amount of two thousand five hundred US dollars ($2,500.00).

**9.4**     If there have been no objections to the Agreement, Sega shall pay to the Class Representative from the Settlement Fund the incentive award, as determined by the Court, within three (3) business days after the date that the Court enters the Final Judgment. If there have been objections to the Agreement, then Sega shall pay to the Class Representative from the Settlement Fund the incentive award, as determined by the Court, within three (3) business days after the Effective Date. Payment of the incentive award to the Class Representative shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

**10.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**10.1**     The Effective Date of this Settlement Agreement shall not occur unless and until

each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by the Parties, Class Counsel and Sega's Counsel;

(b)     The Court has entered an order granting Preliminary Approval of the Agreement;

(c)     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Fairness Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Judgment, or a judgment substantially consistent with this Agreement; and

(d)     The Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**10.2**     If some or all of the conditions specified in Paragraph 10.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Paragraph 10.3 unless Class Counsel and Sega's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above, regardless of the amount awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**10.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 7.1, 10.1, or 10.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Judgment or other

1  order entered by the Court in accordance with the terms of this Agreement shall be treated as

2  vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the

3  Action as if this Agreement had never been entered into.

4  **11.    MISCELLANEOUS PROVISIONS**

5  **11.1**    The Parties shall request that the Court stay all pending case deadlines relating to

6  Sega.

7  **11.2**    The Parties (a) acknowledge that it is their intent to consummate this Agreement;

8  and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent

9  reasonably necessary to effectuate and implement all terms and conditions of this Agreement and

10 to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this

11 Agreement. Class Counsel and Sega's Counsel agree to cooperate with one another in seeking

12 entry of an order granting Preliminary Approval of this Agreement, as well as entry of the

13 Judgment, and promptly to agree upon and execute all such other documentation as may be

14 reasonably required to obtain final approval of the Agreement.

15 **11.3**    The Parties acknowledge that (a) any certification of the Settlement Class as set

16 forth in this Agreement, including certification of the Settlement Class for settlement purposes in

17 the context of Preliminary Approval, shall not be deemed a concession that certification of a

18 litigation class is appropriate, nor would Sega be precluded from challenging class certification in

19 further proceedings in the Action or in any other action if the Settlement Agreement is not

20 finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court

21 for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties

22 and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or

23 preclusion will be asserted in any litigated certification proceedings in the Action or in any other

24 action; and (c) no agreements made by or entered into by Sega in connection with the Settlement

25 may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any

26 of the elements of class certification in any litigated certification proceedings, whether in the

27 Action or any other judicial proceeding.

28

**11.4**     The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that this Action, and only this Action, was brought by Plaintiff or defended by Sega, or each or any of them, in bad faith or without a reasonable basis. Notwithstanding the foregoing language, this Agreement does not preclude subsequent litigation between the Defendants regarding the subject matter of this Action, nor limit any claims or defenses Defendants could assert in such litigation against each other.

**11.5**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same. Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them, except that this provision shall have no effect as to any claims that Sega and Gearbox may have against each other;

(b)     is, may be deemed, or shall be used, offered or received against Defendant Sega, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released

1  Parties, or any of them;

2        (c)    is, may be deemed, or shall be used, offered or received against Plaintiff or

3  the Settlement Class, or each or any of them, as an admission, concession or evidence of,

4  the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact

5  alleged by Defendants, or the availability or lack of availability of meritorious defenses to

6  the claims raised in the Action;

7        (d)    is, may be deemed, or shall be used, offered or received against the Released

8  Parties, or each or any of them, as an admission or concession with respect to any liability,

9  negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or

10 administrative proceeding in any court, administrative agency or other tribunal. However,

11 the settlement, this Agreement, and any acts performed and/or documents executed in

12 furtherance of or pursuant to this Agreement and/or settlement may be used in any

13 proceedings as may be necessary to effectuate the provisions of this Agreement. If this

14 Agreement is approved by the Court, any party or any of the Released Parties may file this

15 Agreement and/or the Judgment in any action that may be brought against such party or

16 parties in order to support a defense or counterclaim based on principles of *res judicata*,

17 collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other

18 theory of claim preclusion or issue preclusion or similar defense or counterclaim; for the

19 avoidance of doubt, this provision shall be of no force and effect with respect to any action

20 that Sega or Gearbox may bring against each other;

21       (e)    is, may be deemed, or shall be construed against Plaintiff, the Settlement

22 Class, or each or any of them, or against the Released Parties, or each or any of them, as an

23 admission or concession that the consideration to be given hereunder represents an amount

24 equal to, less than, or greater than the amount that could have or would have been

25 recovered after trial; and

26       (f)    is, may be deemed, or shall be construed as or received in evidence as an

27 admission or concession against Plaintiff, the Settlement Class, or each and any of them, or

28

against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**11.6**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**11.7**    The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**11.8**    All of the exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**11.9**    This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**11.10**    Except as otherwise provided herein, each Party shall bear its own costs.

**11.11**    Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

**11.12**    Each counsel or other Person executing this Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**11.13**    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A

complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**11.14**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

**11.15**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**11.16**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**11.17**   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of a neutral mediator.

**11.18**   The Parties agree they have each contributed substantially and materially to the preparation of this Agreement, and that it shall not be construed more strictly against one party than another.

**11.19**   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Rafey S. Balabanian, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654 and Claude M. Stern, Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.

**11.20**   As is made clear in various provisions of this Agreement, and for the avoidance of doubt, this Agreement shall not limit the ability of Sega and Gearbox to bring claims against each other related to the subject matter of this Action and shall not limit the causes of action or defenses each may assert against the other.

1 | **IT IS SO AGREED TO BY THE PARTIES:**

2 | JOHN LOCKE,

3 | Dated: August ___, 2014

4 | _____

Individually and as representative of the Class

5 |

6 | SEGA OF AMERICA, INC.

7 | Dated: August 8, 2014

8 | By (signature): _____

9 | Name (printed): John Cheng

10 | Its (title): President, CEO & COO

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1    **IT IS SO AGREED TO BY THE PARTIES:**

2                                              JOHN LOCKE,

3    Dated: August 9   , 2014                  _____

4                                              Individually and as representative of the Class

5

6                                              SEGA OF AMERICA, INC.

7
     Dated: August ___ , 2014                  By (signature): _____
8
                                               Name (printed): _____
9
                                               Its (title): _____
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   IT IS SO STIPULATED BY COUNSEL FOR THE PARTIES:

2

3   Dated: August ___, 2014                  EDELSON P.C.

4

5                                            By: _____

6                                            Rafey S. Balabanian
                                             Attorney for Plaintiff and the Class
7

8

9   Dated: August __, 2014                 QUINN EMANUEL URQUHART AND SULLIVAN, LLP

10

11                                           BY: _____

12

13                                           Claude M. Stern
                                             Attorney for Defendant Sega of America, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1    **IT IS SO STIPULATED BY COUNSEL FOR THE PARTIES:**

2

3    Dated: August 8, 2014                    EDELSON P.C.

4

5                                             By: _____

6                                             Rafey S. Balabanian
                                              Attorney for Plaintiff and the Class
7

8

9    Dated: August ___, 2014                 QUINN EMANUEL URQUHART AND SULLIVAN, LLP

10

11                                            BY: _____

12                                            Claude M. Stern
                                              Attorney for Defendant Sega of America, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT                           CASE NO. 3:13-CV-01962-JD

29

# Exhibit A

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# IF YOU PURCHASED ALIENS: COLONIAL MARINES, YOU MAY BE ENTITLED TO A PAYMENT FROM A PARTIAL CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. You are <u>not</u> being sued.  It is <u>not</u> a solicitation from a lawyer.*

- A partial settlement has been reached in a class action lawsuit against Sega of America, Inc. ("Sega") and Gearbox Software, L.L.C. ("Gearbox") (collectively, "Defendants").  The class action lawsuit is about whether Defendants' marketing for the Aliens: Colonial Marines video game ("Aliens: Colonial Marines") misled consumers into purchasing Aliens: Colonial Marines. Sega denies these allegations, but has agreed to a proposed Settlement that will only settle Plaintiff's claims against Sega. The case filed by Plaintiff will continue against Gearbox.

- You are included in this Settlement if you purchased a copy of Aliens: Colonial Marines either on or before February 12, 2013.

- Those included in the Settlement will be eligible to receive an equal (called "*pro rata*") share of the established $1,250,000 Settlement Fund, up to the amount they paid for Aliens: Colonial Marines, as described below. The total amount of each payment will depend on the total number of valid claims submitted.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A COMPLETED CLAIM FORM** | This is the only way to receive a payment. |
| **DO NOTHING** | You will receive no payment under the Settlement, and will give up your rights to sue the Sega about the issues in this case. |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT WITH SEGA** | You will receive no payment under the Settlement, but you will keep any rights you may have to separately sue Sega about the same legal issues resolved by this Settlement. |
| **OBJECT TO THE SETTLEMENT WITH SEGA** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE SETTLEMENT HEARING** | Ask to speak in court about the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  Payments will be provided only after any issues with the Settlement are first resolved by the Court.  Please be patient.

## BASIC INFORMATION

**1. Why was this notice issued?**

A Court authorized this notice to let you know about a proposed partial Settlement with Sega. This is only a partial settlement of the lawsuit. Plaintiff will continue to seek a recovery against Gearbox. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge James Donato of the U.S. District Court for the Northern District of California is overseeing this class action. The case is known as *Locke v. Sega of America, Inc. et al.*, No. 3:13-cv-01962-JD. The individual who sued is called the Plaintiff. The companies he sued, Sega and Gearbox, are called the Defendants.

| 2. What is a class action? |
| --- |

In a class action, one or more people called "Class Representatives" (in this case, John Locke) sue on behalf of a group of people who have similar claims. Together, these people are called a "Class" or "Class Members." In a class action, the Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
| --- |

This lawsuit alleges that Defendants each made false statements about specific qualities about Aliens: Colonial Marines in their marketing of the game. The lawsuit claims that the Defendants committed fraud, breached certain express warranties, and violated certain California consumer protection laws. A more complete description of the allegations is set forth in the Second Amended Class Action Complaint, which is available by clicking [URL].

Sega has denied and continues to deny any wrongdoing whatsoever, or that it committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action, and contends that it has acted properly in all regards in connection with its development and marketing practices. The Settlement is not an admission of wrongdoing, and the Court has not decided and will not decide in favor of the Plaintiff or Sega. A more complete description of the defenses raised by the Defendants is set forth in Sega's Answer and Affirmative Defenses, which is available by clicking [URL].

| 4. Why is there a Settlement with Sega? |
| --- |

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, Sega and the Plaintiff agreed to a Settlement. That way, they avoid the time burden and expenses associated with ongoing litigation, and Class Members get compensation now rather than years from now, if at all. The Class Representative and their attorneys ("Class Counsel") believe that the Settlement with Sega is in the best interests of the Class Members, and has been entered in good faith given the risks that Plaintiff has in the lawsuit against Sega, that the settlement amount Sega is prepared to pay reflects the risks that the plaintiff has in the lawsuit, and, given those risks, both: is within the reasonable range of what the Plaintiff contends is Sega's proportional share of comparative liability for the class' injuries, and that the amount Sega is paying to settle the suit is according to Plaintiff and his counsel a rough approximation of Sega's proportionate liability for amount that Plaintiff contends are the potential total recovery against. The case will continue against Gearbox and Plaintiff will ask the Court to award Class Members damages against Gearbox, including exemplary damages up to three times the full purchase price for Aliens: Colonial Marines.

## WHO IS INCLUDED IN THE SETTLEMENT

You need to determine whether you are affected by this Settlement.

### 5. Am I part of the Partial Settlement?

The Settlement includes a Class of "all persons in the United States who paid for a copy of the Aliens: Colonial Marines video game either on or before February 12, 2013." Everyone who fits this description is a Member of the Class.

If you're still not sure whether you are a Member of the Class, then view the Frequently Asked Questions ("FAQs") section of this website [link] for further explanation.  You can also call the Class Action Administrator at [1-XXX-XXXX]. Or, you can get free help by calling or writing the lawyers in this case, at the phone number and addresses listed in Questions 9 and 21.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Sega has agreed to create a $1,250,000 million Settlement Fund. The Settlement Fund will be used to pay all valid claims, costs of administering the settlement, attorneys' fees, and incentive payment to the class representative.   The settlement also provides that Plaintiff can seek discovery against Sega only after being unable to obtain from Gearbox or any third party such discovery.

**Payments to Class Members:**  As part of the Settlement, Class Members who submit valid Claim Forms before the deadline of [claims deadline] will each receive an equal (or "*pro rata*") share of the monies in the Settlement Fund, but in no event will any such payment exceed the amount that any claimant paid for Aliens: Colonial Marines. The total amount paid to each claimant will depend on the number of valid claims submitted by Settlement Class Members (there is an estimated 135,000 people in the Settlement Class). If the number of valid claims submitted by Class Members is low, then the amount of individual payments to those Class Members who submitted valid claims will rise— up to the amount each person paid for their copy of Aliens: Colonial Marines. But if the number of valid claims submitted by Class Members is high, then the amount of individual payments to those Class Members who submitted valid claims will go down. There is also a chance that a portion of the Settlement Fund will be distributed to either the National Consumer Law Center, a not-for-profit organization, or Consumers Union, a not-for-profit organization, if there is money remaining in the Settlement Fund after all claims, fees, and expenses have been paid.

Class members who wish to better understand the expected amount that will be paid on valid claims based on the number of claims filed at that point can contact Class Counsel for further information at (866) 354-3015.

### 7. When will I get my payment?

The final hearing to consider the fairness of the Settlement is scheduled for [Fairness Hearing Date]. If the Court approves the Settlement, and after any appeals process is completed, eligible Class

Members whose claims were approved by the Settlement Administrator will be sent a check.  Please be patient.  All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 8. How do I get benefits?

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a truthful Claim Form by [Claims Deadline].  Claim Forms can be found and submitted online.  To submit a Claim Form online or to request a paper copy to submit by mail, go to www.[settlementwebsite.net].

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes. The Court has appointed lawyers Rafey S. Balabanian, Christopher L. Dore, and Benjamin S. Thomassen from Edelson PC as the attorneys to represent you and the other Class Members. These attorneys are called "Class Counsel."  You can reach Class Counsel with any questions about the case, settlement process, or claims process at (866) 354-3015 or at the address listed in response to Question 21, below.

### 10. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you will have to pay that lawyer yourself.  For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 11. How will the lawyers get paid?

Class Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund and will also ask the Court to award the Class Representative $2,500 for serving as the Plaintiff in this case. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested and any money not awarded will stay in the Settlement Fund to pay Class Members.

## YOUR RIGHTS AND OPTIONS

### 12. What happens if I do nothing?

If you do nothing, you won't get any payment or any other benefits under the Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against Sega for the claims or legal issues being resolved by this Settlement.

### 13. What happens if I ask to be excluded?

4

If you exclude yourself from the Settlement, you can't claim any money or receive any benefits as a result of the Settlement.  You will keep your right to start or continue your own lawsuit against Sega for the same legal claims made in this lawsuit.  You will not be legally bound by the Court's judgments related to the Class and Sega in this class action.

| **14. How do I ask to be excluded?** |
| --- |

You can ask to be excluded from the Settlement.  To do so, you must send a signed letter stating that you want to be excluded from the Settlement in *Locke v. Sega of America, Inc. et al.*, No. 3:13-cv-01962-JD.  Your letter must also include (1) your full name, telephone number, and your current address; and (2) a statement that you paid for a copy of Aliens: Colonial Marines on or before February 12, 2013. Your exclusion request must be postmarked and mailed no later than [objection/exclusion deadline] to:

*Locke v. Sega of America, Inc. et al.*
Settlement Administrator
0000 Street
City, ST 00000

| **15. If I don't exclude myself, can I sue Sega for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any right to sue Sega for the claims in this lawsuit and resolved by this Settlement.

| **16. How do I object to the Settlement?** |
| --- |

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit against Sega will continue. If that is what you want to happen, you must object. The Court will consider your views. No later than [objection / exclusion deadline], your objection to the Settlement must be filed in person at any location of the United States District Court for the Northern District of California or postmarked to the Court at:

Class Action Clerk
United States District Court for the Northern District of California
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

To object, you must mail or file a letter or brief to or with the Court stating that you object to the Settlement in *Locke v. Sega of America, Inc. et al.*, No. 3:13-cv-01962-JD.  Your letter or brief must also include (1) the Settlement Class Member's full name and current address, (ii) a signed declaration that he or she believes himself or herself to be a Member of the Settlement Class and an explanation of the basis for such belief, or (iii) proof of purchase of Aliens: Colonial Marines on or before February 12, 2013, (iv) the specific grounds for the objection, (v) all documents or writings that the Settlement Class Member desires the Court to consider, (vi) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (vii) a statement indicating whether the objector

5

intends to appear at the Fairness Hearing (either personally or through counsel who must file an appearance or seek *pro hac vice* admission). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. (*See* Questions 18-20).

 Class Counsel will file with the Court and post on this Settlement Website its request for attorneys' fees two weeks prior to [objection/exclusion deadline].

## 17. What's the difference between objecting to the Settlement and excluding myself?

Objecting is telling the Court that you don't like something about the Settlement.  You can object to the Settlement only if you stay in the Class (i.e., you don't exclude yourself from the Settlement). Excluding yourself is telling the Court that you don't want to be part of the Settlement.  If you exclude yourself from the Settlement, you have no basis to object because the Settlement no longer affects you.

# THE COURT'S FAIRNESS HEARING

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] a.m./p.m. on [date], 2014 before Judge James Donato in Courtroom 11 (19th Floor) of the United States District Court for the Northern District of California (San Francisco Division), 450 Golden Gate Avenue, San Francisco, CA 94102. The purpose of this hearing will be for the Court to determine whether (1) to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; (2) to consider Class Counsel's request for attorneys' fees and expenses; and (3) to consider the request for an incentive award to the Class Representative.  At the same time, the Court may also conduct a hearing on a motion by Sega for a ruling that the settlement has been entered into by Plaintiff and Sega in good faith. At that hearing, the Court will listen to any objections and arguments concerning the fairness of the Settlement.

**Note:**  The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the settlement website, [www.website.net] or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## 19. Do I have to come to the Fairness Hearing?

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as your written objection was filed and mailed on time and meets the other criteria described in the Settlement, the Court will consider it.  You may also pay another lawyer to attend, but you don't have to.

## 20. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by asking to speak in your objection by following the instructions above.

## GETTING MORE INFORMATION

| **21. How do I get more information?** |
|---|

You can visit www.[settlementwebsite.net] for Court Documents, the precise terms of the settlement, and updated information about the lawsuit and the Settlement as it becomes available. These are also available by accessing the Court docket in this case through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You may also call the Settlement Administrator at [1-XXX-XXXX] or contact Class Counsel by phone (866) 354-3015 or by mail at Ben Thomassen, Edelson PC, 350 N. LaSalle Street, Suite 1300, Chicago, Illinois 60654, if you have any questions.  Before doing so, however, please read this full notice carefully.  You may also find additional information elsewhere on this website.  Questions may not be directed to the Court.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**

**QUESTIONS? CALL 1-XXX-XXXX TOLL FREE, OR VISIT WWW.[SETTLEMENTWEBSITE.NET]**

# Exhibit B

*Locke v. Sega of America, Inc. et al.*, **Case No. 3:13-cv-01962-JD (N.D. Cal.)**
### CLAIM FORM

**NOTE:  If you are a Settlement Class Member and believe you are entitled to receive a cash payment for your purchase of the Aliens: Colonial Marines video game, you must complete this Claim Form pursuant to the terms of the Settlement Agreement. For your claim to be considered valid, you must complete this form.  Failing to fill in a blank or filling in a blank with the words "I don't know" or equivalent substance will invalidate your claim.   Your Claim Form must be postmarked or completed online on or before [date]. Please note that the Settlement Administrator may contact you to request more information about your submitted Claim Form and will reject any Claim Form that contains evidence of fraud. Class Counsel and Sega also have the right to challenge the acceptance or rejection of any submitted Claim Form.**

Please fill out the information below completely. If the information you provide is insufficient to determine whether you are a Settlement Class Member, your claim may be rejected.

Name:  _____

Address:  _____

Email Address:  _____

Phone Number (Optional. The Settlement Administrator may call you for additional information to process your claim, if necessary):  _____

**PRODUCT PURCHASE INFORMATION:**

1.     I, _____ (your name), believe I am a member of the Settlement Class.

2.     Indicate on what date you purchased, how much you paid, and where you purchased Aliens: Colonial Marines:

Date of Purchase: _____

Amount Paid: _____

Place of Purchase (name of retail, internet or other specific location; identifying only city or state is inadequate): _____

**OPTIONAL PURCHASE EVIDENCE:**

If you cannot provide the information required to complete the Product Purchase Information above, you have the option of submitting other proof showing that you pre-ordered Aliens: Colonial Marines.  This may include a receipt, a credit card statement, or anything else which demonstrates that you pre-ordered and purchased the game.  You can use the form on this page to submit your optional purchase evidence to the Settlement Administrator.

3.     Are you submitting optional purchase evidence?

___ Yes ___ No

I declare under penalty of perjury of the laws of the United States that all of the foregoing information I have provided is true and correct.

Dated:  _____         _____
                                                                                **Sign Here**
**INSTRUCTIONS FOR COMPLETION OF THIS CLAIM FORM:**

1.      Please print or type all information legibly and carefully. If and when the Settlement receives final approval from the Court and any appeals of such determination have been resolved in favor of approval of the Settlement, a check will be sent to all Settlement Class Members whose names appear on a valid Claim Form.  The Parties have the right to audit all claims for accuracy, veracity, and compliance with the terms and conditions of the Settlement Agreement.

2.      You may submit a claim only if you purchased a copy of Aliens: Colonial Marines either on or before February 12, 2013.

3.      If your claim is valid and timely, you may recover a one-time payment from the $1,250,000 Settlement Fund.  Each valid claimant will receive an equal, "*pro rata*," share from the fund, but in no event more than the amount he, she, or it paid for Aliens: Colonial Marines. Please note that the per-claim amount will change depending on the number of valid claims submitted.

# Exhibit C

**IF YOU PURCHASED ALIENS: COLONIAL MARINES, YOU MAY BE ENTITLED TO PAYMENT FROM A PARTIAL CLASS ACTION SETTLEMENT**
www.[settlementwebsite.net]

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

A partial settlement has been reached in a class action lawsuit involving Sega of America, Inc. ("Sega") and Gearbox Software, L.L.C. ("Gearbox") (collectively, "Defendants") regarding the Aliens: Colonial Marines video game ("Aliens: Colonial Marines"). If you are a part of the Settlement Class, your legal rights may be affected whether or not you act. Please read this notice carefully. Visit www.[settlementwebsite.net] to read the full notice and view other court documents.

**What is the Lawsuit About?**

The lawsuit claims that certain marketing materials for the game released on or before February 12, 2013 misled consumers into purchasing Aliens: Colonial Marines. Plaintiff alleges each of the Defendants misled consumers into purchasing Aliens: Colonial Marines in violation of certain California consumer protection statutes—including California's Consumers Legal Remedies Act, Unfair Competition Law, and False Advertising Law—and common law. Sega vigorously denies that it violated any law or committed any wrongdoing. The Court has not determined who is right. Rather, Sega and the Plaintiff have agreed to settle the lawsuit only against Sega to avoid the time, burden, and expenses associated with further litigation. The case will continue against Gearbox.

**How Do I Know if I am a Class Member?**

You are a Class Member if you purchased Aliens: Colonial Marines either on or before February 12, 2013. More detailed information concerning the Class can be found at www.[settlementwebsite.net]. The Class is estimated to number approximately 135,000 people.

**What Can I Get From the Settlement?**

Sega has agreed to establish a $1.25 million Settlement Fund, which will be used to pay the claims of Class Members, as well as other costs of the Settlement. If you are a Settlement Class Member and the Court approves the Settlement, you may be entitled to money. Each Settlement Class Member who submits a valid claim will be entitled to an equal ("pro rata") share of the monies remaining in the Settlement Fund, but not to exceed the amount he, she, or it paid for Aliens: Colonial Marines, after payment of the other costs of the Settlement. The total amount paid to each claimant will depend on the total number of valid claims submitted by Settlement Class Members. There is also a chance that a portion of the Settlement Fund could be distributed to the National Consumer Law Center, a not-for-profit organization, based on the number of valid claims submitted. Further information about how the money will be set aside and distributed can be found at www.[settlementwebsite.net].

**How Do I Submit a Claim for Payment?**

To qualify for a cash payment, you must submit a timely and properly completed Claim Form signed under penalty of perjury. You may submit this online at [website] no later than [deadline], or you may mail a completed Claim Form **postmarked no later than [deadline]** to *Locke v. Sega of America, Inc. et al.,* Settlement Administrator, [address]. Only claims that meet the requirements of the Settlement Agreement will be eligible for payment.

**What are My Other Options?**

You will be a Member of the Settlement Class unless you exclude yourself from the Settlement. If you do not wish to be a Settlement Class Member, you may exclude yourself by sending a letter to the Settlement Administrator no later than [deadline]. If you choose to exclude yourself, you give up your right to any

payment or to object to the Settlement, but you retain any rights you may currently have to sue Sega over the legal issues in this action. If you choose to bring your own lawsuit, you will have to hire and pay for your own lawyer.

You and/or your lawyer also have the right to appear before the Court and/or object to the proposed Settlement. Objecting is telling the Court you don't like something about the Settlement. You can object ONLY if you stay in the Settlement Class. Your written objection must be filed with, or mailed to, the Court no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.[settlementwebsite.net].

If you do nothing, you will remain a Settlement Class Member, and if the Court approves the Settlement, you will be bound by all orders and judgments of the Court. However, you need to timely submit a valid Claim Form to get a payment. If the Settlement is approved, your claims against Sega relating to the alleged deception used to market Aliens: Colonial Marines will be fully and finally resolved and released.

**Who Represents Me?**

The Court has appointed lawyers from Edelson PC that brought the lawsuit to represent the Class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**When will the Court Consider the Proposed Settlement?**

The Court will hold a Fairness Hearing to determine the fairness of the Settlement on [date] in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the same time as the Fairness Hearing, Sega may also ask the Court to determine that the settlement between Plaintiff and Sega has been entered into in good faith. There, the Court will hear any objections concerning the Settlement. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the hearing to determine the fairness of the Settlement, Class Counsel will ask the Court for attorneys' fees and expenses of up to 25% of the Settlement Fund. This amount reimburses Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement. The Court has also appointed a Class Representative, and Class Counsel will ask the Court for an incentive award of $2,500 to this individual for his services in helping bring and settle this case. Class Counsel's attorneys' fees and the Class Representative's incentive award will be paid from the Settlement Fund. The Court may award less than these amounts.

**How Do I Get More Information?**

This notice is only a summary of the lawsuit and proposed Settlement. For more information, including the full notice, go to www.[settlementwebsite.net], contact the Settlement Administrator at (XXX) XXX-XXXX or [address], or call Class Counsel at (866) 354-3015. Please do not contact the Court, the Judge, or the Defendants with questions about this Settlement.

By Order of the Court Dated: [date]

# Exhibit D

If you bought the following video game on or before February 12, 2013, you may be entitled to money from a class action settlement: Aliens: Colonial Marines.

If you purchased Aliens: Colonial Marines on or before February 12, 2013, you may get money from a class action settlement.

If you paid for Aliens: Colonial Marines on or before February 12, 2013, you may be entitled to money from a class action settlement.

If you purchased Aliens: Colonial Marines on or before February 12, 2013, you may get money from a class action settlement involving Sega of America, Inc.

If you paid for Aliens: Colonial Marines on or before February 12, 2013, you may be entitled to money from a class action settlement involving Sega of America, Inc.