Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOCKE and DAMION PERRINE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>SEGA OF AMERICA, INC., a California corporation, and GEARBOX SOFTWARE, L.L.C., a Texas limited liability company,<br><br>*Defendants*. | Case No. 3:13-cv-01962-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT GEARBOX SOFTWARE, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Judge: Honorable James Donato<br>Hearing Date: October 29, 2014<br>Time: 9:30 a.m.<br>Courtroom: 11 |

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ......................................1

III.   ARGUMENT .......................................................................................................2

      A.      Gearbox's Motion is Barred by Rule 12(g)(2)'s Limitation on Further Motions.................................................................................3

      B.      Gearbox's Motion is Untimely Under Rule 12(f)(2) Because it was Filed After Gearbox Answered Plaintiffs' Class Action Complaint ...........................4

      C.      Gearbox's Request Has No Basis in Rule 12(f)—Plaintiffs' Class Allegations Are Not "Redundant, Immaterial, Impertinent, or Scandalous" ................................................................................5

      D.      Gearbox's Motion Attempts to Circumvent the Class Certification Process, Making Its Purported Use of Rule 23(d)(1)(D) Improper.................7

      E.      Even Under the Standard Advocated by Gearbox, There is No Basis to Strike the Class Allegations Because Gearbox Fails to Show That There is No Set of Circumstances Under Which the Proposed Class Could Be Certified. ...........................................................................9

           1.      The Complaint alleges that all class members suffered the same injury.........................................................................10

           2.      Gearbox fails to show at the pleading stage that individual issues will predominate.............................................................11

           3.      Injunctive relief is proper in this case such that the Class can be certified under Rule 23(b)(2). .....................................13

IV.   CONCLUSION .................................................................................................15

1
2

# TABLE OF AUTHORITIES

**UNITED STATES CIRCUIT COURT OF APPEALS CASES:**

*Culinary & Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Administration, Inc.*, 688 F.2d 1228 (9th Cir. 1982) .......................................................4, 5,

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524 (9th Cir.1993) ...................................................................6

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ...............................................11

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009) .......................................8

*Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ..............................5, 6, 9, 15

**UNITED STATES DISTRICT COURT CASES:**

*Abarca v. Franklin Cnty. Water Dist*., No. 07-cv-0388OWW DLB,
    2009 WL 1393511 (E.D. Cal. May 18, 2009) .....................................................................3

*Astiana v. Ben & Jerry's Homemade, Inc.*, C 10-4387 PJH, 2011 WL 2111796
    (N.D. Cal. May 26, 2011) ...................................................................................................7

*Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW,
    2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) ...................................................................8

*Beal v. Lifetouch, Inc.*, No. CV 10-8454-JST MLGX,
    2011 WL 995884 (C.D. Cal. Mar. 15, 2011)......................................................................6

*Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC,
    2006 WL 3422198 (N.D. Cal. Nov. 28, 2006) .................................................................. 7

*Brazil v. Dole Food Co., Inc*., No. 12-01831, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) .....11

*Chancellor v. OneWest Bank*, No. C 12-01068 LB,
    2012 WL 3834951 (N.D. Cal. Sept. 4, 2012)  ..................................................................3

*Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010) .............................12

*Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011) ....................... 7

*Clark v. Sprint Spectrum L.P.*, No. CV 10-9702 CAS SSX,
    2011 WL 835487 (C.D. Cal. Mar. 7, 2011).....................................................................7, 8

*Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405 (C.D. Cal. 2005).................................6

*Collins v. Gamestop Corp.*, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010)...............................8, 11

*Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR,
    2013 WL 1892337 (N.D. Cal. May 6, 2013) ..................................................... 8

*Dinius v. Perdock*, No. C 10-03498 MEJ, 2011 WL 3566700 (N.D. Cal. Aug. 12, 2011) ........... 6

*Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL),
    2007 WL 3010560 (N.D. Cal. Oct. 12, 2007)..................................................... 8

*Echavez v. Abercrombie & Fitch Co. Inc.*, No. CV 11-9754 GAF PJWX,
    2013 WL 7162011 (C.D. Cal. Aug. 13, 2013).................................................... 5

*Estrella v. Freedom Fin. Network, LLC*, No. C09-3156 SI,
    2010 WL 2231790 (N.D. Cal. June 2, 2010) .................................................... 12

*Faktor v. Lifestyle Lift*, No. 09-cv-511, 2009 WL 1565954 (N.D. Ohio June 3, 2009) ............. 7, 8

*Henderson v. Gruma Corp.*, No. CV 10-04173 AHM AJWX,
    2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) .................................................. 14

*In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955 (C.D. Cal. 2000)..................... 6

*In re Apple, AT&T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW,
    2012 WL 2428248 (N.D. Cal. June 26, 2012).............................................. 7, 10, 14

*In re iPhone 4S Consumer Litigation*, 12-1127, 2013 WL 3829653,
    (N.D. Cal. July 23, 2013).................................................................. 11

*In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F.Supp.2d 609 (N.D. Cal. 2007).......... 8, 9

*Just Film, Inc. v. Merch. Servs., Inc.*, No. C 10-1993 CW,
    2011 WL 3809908 (N.D. Cal. Aug. 29, 2011) ................................................. 3

*Kazemi v. Payless Shoesource Inc.*, No. C 09-5142 MHP,
    2010 WL 963225 (N.D. Cal. 2010) ......................................................... 8, 9

*Kisliuk v. ADT Sec. Servs., Inc.*, 263 F.R.D. 544 (C.D. Cal. 2008)............................ 9

*Lemanski v. Regents of the Univ. of California*, No. C-08-0548 EMC,
    2008 WL 3916021 (N.D. Cal. Aug. 22, 2008) ................................................. 3

*Malone v. Nuber*, No. C07-2046RSL, 2009 WL 1650474 (W.D. Wash. June 11, 2009) .............. 4

*Meyer v. Nat'l Tenant Network, Inc.*, No. C-13-03187 JSC,
    2014 WL 197773 (N.D. Cal. Jan. 17, 2014).................................................. 6

*Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048 (N.D. Cal. 2004)................. 2, 3

*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) .......................................14

*Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168 (S.D. Cal. 2012)........................................ 7

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) ..............................................................

*Sliger v. Prospect Mortgage*, LLC, 789 F. Supp. 2d 1212 (E.D. Cal. 2011)......................................

*Sound Appraisal v. Wells Fargo Bank, N.A.*, 717 F.Supp.2d 940 (N.D. Cal. 2010) ....................13

*Stokes v. Interline Brands, Inc.*, No. C 12-05527 JSW,
    2013 WL 568599 (N.D. Cal. Feb. 13, 2013) ........................................................................6

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC,
    2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ....................................................................9

*Thorpe v. Abbott Labs., Inc.*, 534 F.Supp.2d 1120 (N.D. Cal. 2008) ........................................ 7

*Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472 (S.D. Cal. 2013).................................................12

*In re Google AdWords Litig.*, No. 08-cv-3369 EJD,
    2012 WL 28068 (N.D. Cal. Jan. 5, 2012) ........................................................................12

*Willson v. Cagle*, 711 F. Supp. 1521 (N.D. Cal. 1988)...................................................................4

*Winnemem Wintu Tribe v. United States Forest Serv.*, No. 09-cv-1072 KJM KJN,
    2013 WL 1325423 (E.D. Cal. Mar. 29, 2013) ....................................................................5

**STATE COURT CASES:**

*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009)....................................................................10, 11

*McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174 (2010)..............................................................12

*Wershba v. Apple Computer, Inc.*, 91 Cal.App. 4th 224 (2001) ....................................................13

**STATUTES:**

Fed. R. Civ. P. 12(f)........................................................................................................................4, 5

Fed. R. Civ. P. 12(g) ........................................................................................................................3

**MISCELLANEOUS:**

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1795......................................7

Schwarzer, Tashima & Wagstaffe, § 10:404 ..................................................................................14

## I.   INTRODUCTION

More than a year after it was served with the First Amended Complaint ("FAC") in this action, more than a year after it moved to dismiss that complaint, and more than nine months after its motion to dismiss was denied and it answered the complaint, Defendant Gearbox Software, LLC ("Gearbox") now moves to strike the class allegations in the FAC, arguing that the allegations "on their face" demonstrate that Plaintiffs Damion Perrine's ("Perrine") and John Locke's ("Locke") (collectively, the "Plaintiffs") claims cannot be maintained on a class basis. Gearbox's motion, however, is deficient for multiple reasons. First, it is barred by Federal Rule 12(g)(2) because Gearbox already filed (and lost) its one Rule 12 motion. Second, the motion is untimely under Federal Rule 12(f)(2) because Gearbox already answered the FAC (including the same class allegations it now seeks to strike). Third, the motion fails to address—much less satisfy—the standards for striking material from a pleading as set forth in the Federal Rules and recent Ninth Circuit precedent. Fourth, the motion represents an improper attempt to circumvent the class certification process, which is the proper vehicle through which to analyze class allegations—with the full benefit of a developed discovery record. Fifth, the motion fails to meet even the outdated standard for a motion to strike argued by Gearbox because Gearbox doesn't establish that there is no set of circumstances under which the proposed class could be certified here. For these reasons, Gearbox's motion should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On July 5, 2013, Plaintiffs filed the FAC, alleging that Gearbox and co-defendant Sega of America, Inc. ("Sega") devised and implemented a marketing campaign to promote an upcoming video game, Aliens: Colonial Marines ("A:CM"), that ultimately misrepresented the final product offered to consumers. (*See generally* Dkt. 26.) Specifically, Plaintiffs alleged that prior to releasing A:CM, Sega and Gearbox staged demonstrations of the game that, while purporting to represent the final "retail version" that would be sold to consumers, in fact were demonstrations of a superior "demo version" of the game that was not going to be brought to market. (FAC ¶¶ 2–3, 23–26, 30, 34–36, 38–41.) These demonstrations were performed at, among other venues, the annual "E3" conference, the video game industry's largest and most widely publicized exposition where

developers and publishers advertise new videogames and hardware, and which is widely covered by industry media. (*Id.* ¶ 30.) The demonstrations were narrated by Gearbox's President, Randy Pitchford, who explained that "Today, we're going to show you a bit of the game…. [Y]ou're going to see what the game *actually looks like*. Not just screenshots but the *actual gameplay*" and "Everything you're going to see today is real. It's real software, not prototype stuff. It's production stuff." (*Id.* ¶¶ 31, 34.) Attendance at the demonstrations was not a prerequisite to exposure. (*See* Def. Mot. at 2.) That's because video of the demonstrations—along with other advertising derived from the demonstrated version of the game—were widely disseminated and viewed, and were the *only* source of such pre-release advertising for A:CM. (FAC ¶¶ 36–38, 41–42, 47–48.)

Despite these representations, Plaintiffs alleged that the retail version of the game Defendants sold to consumers lacked many of the technical capabilities of the demo version, such as a highly advanced graphics engine capable of creating dynamic moving light sources and animations, and advanced artificial intelligence programming. (*Id.* ¶¶ 3, 24–25, 39, 79.) Sega and Gearbox's alleged misrepresentations were widely disseminated, and Plaintiffs alleged that consumers who pre-ordered the game before its retail release date believed that they were purchasing the game that had been displayed in Defendants' pre-release advertising. (*Id.* ¶¶ 4, 43–45, 48, 50, 61, 64–65.) The FAC alleged six counts under statutory and common law arising out of Defendants' alleged misrepresentations. (*Id.* ¶¶ 110–175.)

Over a year ago, on July 22, 2013, Gearbox filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss two of those counts. (Dkt. 29.) Nowhere in that motion did Gearbox seek to strike or question the class allegations, and this Court subsequently denied the motion to dismiss in its entirety. (Dkt. 40.) On October 31, 2014, Gearbox answered the FAC, including the very class allegations it now seeks to strike. (Dkt. 43.) Now, nine months later, Gearbox—for the first time—moves to strike the class allegations under Federal Rule of Civil Procedure 12(f).

## III.   ARGUMENT

Motions to strike are disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the

1    motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)

2    (citations omitted). Here, there are five reasons why Gearbox's motion should be denied.

3        **A.    Gearbox's Motion is Barred by Rule 12(g)(2)'s Limitation on Further Motions.**

4        As a threshold matter, Gearbox's motion is barred by Rule 12(g)(2)'s prohibition on the

5    filing of successive Rule 12 motions because Gearbox already filed (and lost) a Rule 12(b)(6)

6    motion. (*See* Dkt. 29.)

7        Rule 12(g)(2) expressly states that "a party that makes a motion under [Rule 12] must not

8    make another motion under [Rule 12] raising a defense or objection that was available to the party

9    but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Thus, the Federal Rules afford a

10   defendant a single opportunity to challenge the pleadings. *See, e.g., Chancellor v. OneWest Bank*,

11   No. C 12-01068 LB, 2012 WL 3834951, at *3 n.4 (N.D. Cal. Sept. 4, 2012) ("If a party makes a

12   Rule 12(b)(6) motion for failure to state a claim, but omits a defense or objection then available, the

13   party may not raise that defense or objection in a subsequent Rule 12(b)(6) motion.") (citations and

14   quotations omitted); *Just Film, Inc. v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2011 WL 3809908,

15   at *7 (N.D. Cal. Aug. 29, 2011). Motions to strike under Rule 12(f) are no exception to this rule.

16   *Lemanski v. Regents of the Univ. of California*, No. C-08-0548 EMC, 2008 WL 3916021, at *3 n.1

17   (N.D. Cal. Aug. 22, 2008) (citing 2-12 Moore's Fed. Prac.-Civ. § 12.21) (noting that "Rule 12(g)'s

18   consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more

19   definite statement under Rule 12(e) and to a motion to strike under Rule 12(f)"); *Abarca v. Franklin

20   Cnty. Water Dist.*, No. 07-cv-0388OWW DLB, 2009 WL 1393511, at *1 (E.D. Cal. May 18, 2009)

21   ("Neither Rule 12(h)(2) nor 12(h)(3) specifically exempt Rule 12(f) motions to strike from Rule

22   12(g)(2)'s consolidation requirement.").

23       Here, Gearbox is barred from moving to strike Plaintiffs' class allegations, as it filed a Rule

24   12(b)(6) motion on July 22, 2013. (Dkt. 29.) Though the objections it now raises to Plaintiffs' class

25   allegations were available at that time, for whatever reason, Gearbox didn't raise them in its

26   12(b)(6) motion.[1] Thus, as the objection was available to Gearbox but was omitted from its earlier

27   _____

28   [1]      Gearbox admits that it failed to raise and pursue such available objections for more than a
     year while the parties litigated the case. (*See* Dkt. 66, at 1 ("For more than a year, Gearbox has

motion, Gearbox is now expressly barred from raising the issue in a subsequent Rule 12 motion. Courts routinely reject such attempts. *See*, *e.g.*, *Malone v. Nuber*, No. C 07-2046RSL, 2009 WL 1650474, at *1 (W.D. Wash. June 11, 2009) (noting that "the parties have been litigating motions to dismiss for approximately a year and a half . . . [and that] plaintiffs have been precluded from conducting discovery" in denying defendants' motion for a more definite statement and motion to strike under Rule 12(g)(2)).

### B.   Gearbox's Motion is Untimely Under Rule 12(f)(2) Because It Was Filed After Gearbox Answered Plaintiffs' Class Action Complaint.

Even if Gearbox were not expressly barred from filing its motion to strike by Rule 12(g)(2), the motion is untimely under Rule 12(f)(2). That rule provides that a motion to strike must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Now, Gearbox moves to strike allegations in a complaint, a pleading to which a response is clearly permitted, and so under Rule 12(f)(2), the motion to strike should have been filed along with Gearbox's motion to dismiss, before Gearbox answered the complaint. It wasn't, and Gearbox answered the FAC (including the class allegations) over nine months ago. Thus, its motion to strike is untimely. *See Willson v. Cagle*, 711 F. Supp. 1521, 1535 (N.D. Cal. 1988) *aff'd sub nom. Willson v. Hubbard*, 900 F.2d 263 (9th Cir. 1990) ("[T]he motion to strike by defendants [] is untimely, as it was filed after those defendants answer[ed].").

Recognizing this fatal defect, Gearbox argues that despite the plain language of Rule 12(f)(2), this Court nevertheless has discretion to consider its untimely motion to strike. (Def. Mot. at 4 n.2.) While Gearbox cites some non-binding authority in support, it fails to disclose Ninth Circuit authority *directly* to the contrary, *Culinary & Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Administration, Inc.*, 688 F.2d 1228 (9th Cir. 1982). In that case, the Ninth Circuit rejected the same tactic that Gearbox advocates here, holding that a district court erred in striking material from a complaint—even though it purported to be acting pursuant to its

---

quietly abided the plaintiffs' claims so that Sega, the game's publisher and the party responsible for the game's marketing and sale, could assume the defense of this lawsuit.").) And while it suggests it shouldn't be faulted, Gearbox forgets that it jointly filed Defendants' 12(b)(6) motion. (Dkt. 29.)

own discretion—because it did so on the defendant's untimely filed motion to strike. *Id.* at 1232 ("The court purportedly acted pursuant to Fed. R. Civ. P. 12(f), which permits the court, in its discretion, to order stricken from any pleading 'any redundant, immaterial, impertinent, or scandalous matter.' This was error…. The district court struck the counts in question upon the motion of the [defendants] after they had already filed their answer to the complaint."). *Id.* None of the cases cited by Gearbox address this controlling Ninth Circuit opinion, which is rightly followed by courts in this circuit. *See, e.g., Winnemem Wintu Tribe v. United States Forest Serv.*, No. 09-cv-1072 KJM KJN, 2013 WL 1325423, at *4 (E.D. Cal. Mar. 29, 2013) ("[T]his court reads *Culinary* as binding to the extent it requires a motion to strike to precede the filing of a responsive pleading to be timely."); *Echavez v. Abercrombie & Fitch Co. Inc.*, No. CV 11-9754 GAF PJWX, 2013 WL 7162011, *9 (C.D. Cal. Aug. 13, 2013) (following *Culinary* and denying defendant's motion to strike).

In short, even if Gearbox's motion were not expressly barred by Rule 12(g)(2), it is untimely under Rule 12(f)(2) because it was filed after—over nine months after—Gearbox answered the FAC. Contrary to Gearbox's assertion, this Court does not have discretion to grant the untimely motion. Consequently, like Rule 12(g)(2), Rule 12(f)(2) provides another independent reason why the motion to strike must be denied.

## C.     Gearbox's Request Has No Basis in Rule 12(f)—Plaintiffs' Class Allegations Are Not "Redundant, Immaterial, Impertinent, or Scandalous."

Even if Gearbox's motion to strike were not barred as a successive Rule 12 motion and even if it were not untimely because Gearbox already answered the complaint, the motion should be denied because it fails to even address—let alone satisfy—the standards for granting a motion to strike. Under Rule 12(f), this Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Looking at the "plain meaning" of the Rule, the Ninth Circuit instructs that courts must thus "determin[e] whether [the material sought to be stricken] was (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973-74

(9th Cir. 2010). Here, Gearbox does not—nor could it—explain how the FAC's class allegations fall into any of these categories.

Clearly the class allegations are not "an insufficient defense," because they are not a defense at all. Nor are they "redundant," as they do not "constitute a needless repetition of other averments." *Dinius v. Perdock*, No. C 10-03498 MEJ, 2011 WL 3566700, at *2 (N.D. Cal. Aug. 12, 2011) (internal quotation omitted). With respect to the next two grounds to strike, the Ninth Circuit has held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Here, the class allegations clearly have an important relationship to the claim for relief and pertain to the issues in question, and are thus neither "immaterial" nor "impertinent." *See Beal v. Lifetouch, Inc.*, No. CV 10-8454-JST MLGX, 2011 WL 995884, at *7 (C.D. Cal. Mar. 15, 2011) (finding class allegations "clearly relevant" to the subject matter of the litigation, and thus not immaterial or impertinent). Finally, the class allegations are not "scandalous," as they do not "cast[] a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); *see also Stokes v. Interline Brands, Inc.*, No. C 12-05527 JSW, 2013 WL 568599 (N.D. Cal. Feb. 13, 2013).

Thus, even if the motion to strike were not barred and even if it were not untimely, it still fails to establish any of the required grounds for striking the class allegations, and should therefore be denied. *See Whittlestone*, 618 F.3d at 974 (denying motion to strike where it was "quite clear that none of the five categories [of Rule 12(f)] cover[ed] the allegations in the pleading sought to be stricken); *Meyer v. Nat'l Tenant Network, Inc.*, No. C-13-03187 JSC, 2014 WL 197773, at *6 (N.D. Cal. Jan. 17, 2014) ("[W]hile Plaintiffs' class claims may ultimately fail, Defendant has not explained what about those class allegations are 'redundant, immaterial, or impertinent and scandalous matter.'"); *Clark v. State Farm Mut. Auto. Ins. Co.,* 231 F.R.D. 405, 407 (C.D. Cal. 2005) (denying motion to strike class allegations where "allegations address each of the elements of

Rule 23, relate to the subject matter of the litigation, and are not redundant, immaterial, or impertinent.").

**D.  Gearbox's Motion Attempts to Circumvent the Class Certification Process, Making Its Purported Use of Rule 23(d)(1)(D) Improper.**

Gearbox's motion to strike should also be denied because it is an improper attempt to circumvent the class certification process. Courts have recognized that entertaining motions to strike class allegations would "allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012); *see also Astiana v. Ben & Jerry's Homemade, Inc.,* C 10-4387 PJH, 2011 WL 2111796, at *14 (N.D. Cal. May 26, 2011).

Consequently, "motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations." *In re Apple, AT&T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D. Cal. June 26, 2012); *see also Thorpe v. Abbott Labs., Inc.,* 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for [addressing Rule 23(b)'s requirements]"); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).

For these reasons, courts have noted that attempting to use Rule 23(d)(4)—as Gearbox does here—as a vehicle "to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete," is improper because "Rule 23 applies to *class actions*." *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 06-0715 SC, 2006 WL 3422198, at *3 (N.D. Cal. Nov. 28, 2006) (motion under Rule 23(d)(4) was not ripe because "[a]s the Court has yet to address whether the part of Plaintiffs' action brought under Rule 23 may proceed as a class action, Rule 23(d)(4) has no application[.]") (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1795); *see also Clark v. Sprint Spectrum L.P.*, No. CV 10-9702 CAS SSX, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011) (motion to strike class allegations brought under Rules 12(f) and 23(d)(1)(D) was "premature given that discovery is in the

1    early stages . . . and plaintiff has not filed a motion for class certification) (collecting cases); *Faktor*

2    *v. Lifestyle Lift*, No. 09-cv-511, 2009 WL 1565954, at * 2 (N.D. Ohio June 3, 2009) (denying

3    motion to strike under Rule 23(d)(1)(D) and observing "[a]n order under Rule 23(d)(1)(D) is used

4    after the class determination under Rule (c)(1)(A).") (citations omitted). A driving factor for this

5    view is the absence of a developed discovery record—as discovery is almost always necessary

6    before a court may properly consider whether class certification is appropriate. *See Cruz v. Sky*

7    *Chefs, Inc.*, No. C-12-02705 DMR, 2013 WL 1892337, at *5–6 (N.D. Cal. May 6, 2013); *Vinole v.*

8    *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (the "advisable practice for a

9    District Court to follow is to afford the litigants an opportunity to present evidence [obtained

10   through discovery] as to whether a class action was maintainable"); *In re Wal–Mart Stores, Inc.*

11   *Wage and Hour Litig.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007) ("In the absence of any discovery

12   or specific arguments related to class certification, the Court is not prepared to rule on the propriety

13   of the class allegations and explicitly reserves such a ruling"); *Baas v. Dollar Tree Stores, Inc.*, No.

14   C 07-03108 JSW, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) (denying motion to strike as

15   premature without discovery); *Collins v. Gamestop Corp.*, No. C10-1210-THE, 2010 WL 3077671

16   (N.D. Cal. Aug. 6, 2010) (finding defendant's motion to strike premature and declining to rule

17   based upon pleadings alone).[2]

18          Here, the FAC proposes a class definition and alleges each element of Rule 23 required to

19   proceed as a class action. (FAC ¶¶ 101–09.) That is sufficient at the pleading stage, and Gearbox's

20   challenges to the certifiability of the proposed class should be resolved through briefing on a motion

21   for class certification following discovery. *See Kazemi v. Payless Shoesource Inc.*, No. C 09-5142

22   MHP, 2010 WL 963225, *3 (N.D. Cal. 2010). Tellingly, Gearbox only cites *class certification*

23   decisions for its Rule 23 standards, where courts are called upon to conduct an informed "rigorous

24   analysis" as to the requirements of Rule 23. (*See* Def. Mot. at 5.) *See Sprint*, 2011 WL 835487, at

---

26   [2]     The Advisory Committee Notes to the 2003 amendment of Rule 23 echo this sentiment.
27   *Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL), 2007 WL 3010560, at *2 (N.D. Cal. Oct.
     12, 2007) ("[I]t is clear from the Committee's notes that the purpose of the amendment was to
28   provide courts with more time and flexibility to permit discovery and make informed decisions
     regarding class certification.")

*3 (C.D. Cal. Mar. 7, 2011) (citing *Faktor*, 2009 WL 1565954, at *2 ("The Defendants' arguments on class certification are premature . . . Before ruling on class certification this Court must conduct a rigorous analysis. A motion to strike class allegations is not a substitute for class determination and should not be used in the same way."). Gearbox's motion to strike attempts to circumvent the well-established class certification process, and the issues it raises should be addressed on a more complete record following discovery, not on the pleadings.

**E.    Even Under the Standard Advocated by Gearbox, There is No Basis to Strike the Class Allegations Because Gearbox Fails to Show That There is No Set of Circumstances Under Which the Proposed Class Could Be Certified.**

Finally, Gearbox cites case law suggesting that a defendant may move to strike class allegations prior to discovery where "the complaint demonstrates that a class action cannot be maintained on the facts alleged." (Def. Mot. at 4) (quoting *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009)). As another court in this district noted, however, "the viability of that case law is questionable in light of the Ninth Circuit's decision in *Whittlestone*." *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014). Specifically, as discussed above, *Whittlestone* instructs that class allegations can be stricken only if they fall within the five enumerated categories of Rule 12(f). A motion to strike is not, contrary to Gearbox's assertion, the proper vehicle for testing the strength or merits of class allegations. *See id*.

Nevertheless, even assuming, *arguendo*, that the standard advocated by Gearbox for striking class allegations survived *Whittlestone*, Gearbox fails to meet it. Under that standard, "[b]efore a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that *under no set of circumstances* could the claim or defense succeed." *Sanders*, 672 F. Supp. 2d at 990 (emphasis added). As the pre-*Whittlestone* case law recognized, it is the "rare case" that meets this standard. *See, e.g., Kazemi*, 2010 WL 963225 at *3; *Kisliuk v. ADT Sec. Servs., Inc.*, 263 F.R.D. 544, 546-47 (C.D. Cal. 2008) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare."); *In re Wal–Mart Stores*, 505 F.Supp.2d at 615 ("Dismissal of class actions at the pleading stage should be done rarely and [] the better course is to deny such a motion because 'the shape and form of a class action evolves only through the

1    process of discovery'") (citation omitted). Here, Gearbox completely fails to show this is one of the

2    rare cases where there is no set of circumstances under which the proposed class could be certified.

3              1.    The Complaint alleges that all class members suffered the same injury.

4              Gearbox contends that the proposed class cannot be certified because it would "necessarily

5    include" members "who were never exposed to" its misrepresentations and, thus, never relied on

6    them and suffered no injury. (Def. Mot. at 5–6.) That argument is flawed—both factually and

7    legally.

8              To start, Gearbox's argument relies entirely on a faulty premise: that "plaintiffs do not

9    allege that [putative class members] even saw or were exposed to the promotional materials at

10   issue." (*Id.* at 7.) That's just false. The FAC *expressly* alleges that "the members of the Class were

11   exposed to" Defendants' misrepresentations. (FAC ¶ 168.) That exposure occurred by virtue of

12   Defendants' wide-reaching marketing campaign for A:CM, which *exclusively*, (*id.* ¶ 47), utilized

13   advertisements—including the gameplay demonstrations at trade shows, re-broadcasts of and

14   industry reporting on those demonstrations,  "shorter-form videos," and other materials—derived

15   from and showcasing the misleading *demo* version of the game.[3] (*See, e.g., id.* ¶¶ 23–42, 45, 47,

16   50.) The FAC thus alleges that this broad campaign *reached the Class*, as Plaintiff[4] and the Class

17   (i) "reasonably expected their copies of [A:CM] to include the qualities and specific features shown

18   in the 'actual gameplay' demonstrations," (*id.* ¶¶ 123, 134); (ii) "relied on the representations," (*id.*

19   ¶ 125); (iii) that absent the representations, "would not have purchased the game or would only

20   have agreed to purchase it at a lower price" (*id.* ¶ 127); and (iv) relied on Defendants'

21   misrepresentations in opting to purchase the game (*id.* ¶¶ 146, 152, 163, 174). Nothing more is

22   required at the pleading stage. *In re Apple*, 2012 WL 2428248, at *4 (Allegations that defendant

23

24   ---
     [3]       Gearbox's portrayal of the FAC is wholly disingenuous. It suggests, for example, that
25   exposure to the misleading gameplay demonstrations was limited to those who actually attended the
     expositions described in the complaint. (Def. Mot. at 7.) But, in reality, *all* of Gearbox's pre-release
26   advertising and marketing of A:CM utilized the same deceptive "demo version" of A:CM, and
     Gearbox concealed that its features would not be sold to the public.
27   [4]       Even *Perrine*'s facts—which Gearbox points to in apparent support for their argument—
     show that although he first pre-ordered A:CM prior to Gearbox's misleading marketing campaign,
28   he, like the rest of the Class, was later *exposed to and relied upon* the campaign when making his
     ultimate purchase decision. (*Id.* ¶¶ 87–94.)

"made numerous material representations of fact to the Plaintiffs and all members of [the Class]" and allegations of "various examples of the misrepresentations made by defendants" were "sufficient to support a prima facie showing that Rule 23 is satisfied.").

What's more, to the extent Gearbox believes the class definition *cannot* be certified as a matter of law, it fails to note that many courts have, at the pleadings stage, addressed and rejected that exact argument—i.e., that as defined, a class may "include[] those who were never exposed to the alleged misrepresentation" and thus have no claim. *In re Apple*, 2012 WL 2428248, at *5;[5] *see also Collins*, 2010 WL 3077671, at *3[6] (rejecting defendant's analogous reliance on *Sanders* and argument that class allegations should be stricken because, as the class was defined, "individualized issues as to reliance would predominate.").

Given that it relies on a faulty reading of the FAC and arguments that have been expressly rejected elsewhere, Gearbox's "exposure" argument fails from the start.

### 2.   Gearbox fails to show at the pleading stage that individual issues will predominate.

Next, Gearbox argues that a class could not be certified because individual factual issues of exposure and reliance upon the misrepresentations, as well as individual legal issues pertaining to choice of law, predominate over common issues. (Def. Mot. at 10–11.) Both of these arguments fail as well.[7]

First, individual issues of fact do not defeat predominance both because Plaintiffs have already alleged exposure to Defendants' misrepresentations (*see* Section II.E(1) *supra*) and further, because Plaintiffs are not required to allege individual reliance at the pleadings stage. *See In re*

---

[5]   The *In re Apple* class, like this one, was not defined in terms of "exposure." *See In re Apple,* 2012 WL 2428248, at *1 ("All persons in the United States who purchased or ordered an Apple iPad with 3G capability between January 27, 2010 and June 7, 2010 but who did not sign up for or purchase an AT & T data plan at any time.").

[6]   The *Collins* class also was not defined in terms of "exposure." *Collins*, 2010 WL 3077671, at *1 (those "who purchased a video game from GameStop and were not able to access certain content without paying an additional fee because the game was used.").

[7]   For this point, Gearbox relies heavily on *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). That case was decided on a motion for class certification, however, and courts generally decline to apply *Mazza* to motions to strike class allegations. *See, e.g., Brazil v. Dole Food Co., Inc.*, No. 12-01831, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013); *In re iPhone 4S Consumer Litigation*, 12-1127, 2013 WL 3829653 (N.D. Cal. July 23, 2013).

1    *Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) (finding "individualized reliance on specific

2    misrepresentations or false statements [unnecessary] where, as here, those misrepresentations and

3    false statements were part of an extensive and long-term advertising campaign"); *see also McAdams*

4    *v. Monier, Inc.*, 182 Cal. App. 4th 174, 178 (2010) (an "inference of common reliance" may be

5    applied to a CLRA class that alleges a material misrepresentation consisting of a failure to

6    disclose). Further, Gearbox does not even attempt to argue that individual factual issues would

7    preclude certification of Plaintiffs' UCL and FAL claims, as those claims likewise do not require

8    individualized proof of reliance—dooming its predominance attack from the start. *See Waller v.*

9    *Hewlett-Packard Co.*, 295 F.R.D. 472, 480-81 (S.D. Cal. 2013); *In re Google AdWords Litig.*, No.

10   08-cv-3369 EJD, 2012 WL 28068, at *10 (N.D. Cal. Jan. 5, 2012) (finding class relief under the

11   UCL and FAL available without individualized proof of deception, reliance, and injury.)[8] And

12   courts in this Circuit have routinely certified classes based on fraudulent representations and

13   omissions, holding that reliance may be presumed in cases such as this, where the alleged fraud was

14   material—as it was here. *See Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 378 (N.D.

15   Cal. 2010) (rejecting argument that class could not be certified because UCL, CLRA, and common

16   law fraud claims required individualized proof of reliance and finding that "relief is available

17   without individual showing of reliance."); *Estrella v. Freedom Fin. Network, LLC*, No. C 09-3156

18   SI, 2010 WL 2231790, at *10 (N.D. Cal. June 2, 2010) (holding that "[i]ndividualized reliance may

19   be presumed… where the alleged misrepresentation is material"). (*See*, *e.g.*, FAC ¶¶ 120-122.)

20          Second, potential choice of law issues do not suggest that a class cannot be certified under

21   any circumstances. At the pleading stage, it is enough to allege sufficient contacts with California

22   such that application of California law to a nationwide class would not be unconstitutional or

23

24   ---

     [8]     In any event, and assuming, *arguendo*, that discovery reveals some individual issues that
25   may relate to Plaintiffs' claims, such arguments are—as previously noted—better suited for class
     certification. *See Sliger v. Prospect Mortgage*, LLC, 789 F. Supp. 2d 1212, 1218 (E.D. Cal. 2011)
26   ("When the time comes for opposing class certification, the defendant may argue that issues
     specific to individual claims cut against plaintiff's predominance argument, but that time is not
27   now."); *In re Apple*, 2012 WL 2428248 at *5 (rejecting argument that class allegations should be
     stricken because of potential individual factual issues regarding alleged misrepresentations, holding
28   that "plaintiff should be given an opportunity to take discovery and present evidence on the issue of
     what representations were made and where").

1   inconsistent with California choice of law principles. *See In re Apple*, 2012 WL 2428248, at *8–9.

2   Here, the complaint does just that. The "actual gameplay" demonstrations that are the primary

3   misrepresentations at issue were presented by Defendants at the E3 2011 and 2012 Expos (FAC

4   ¶¶ 30, 40), both of which took place at the Los Angeles Convention Center in California.[9] Clips of

5   the gameplay demonstrations were also uploaded by Sega in California and presented to members

6   of the proposed class on its YouTube channel. (*Id.* ¶¶ 37, 42.) These contacts are sufficient to apply

7   California law. *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 241–42 (2001)

8   (certifying nationwide class where misrepresentations were prepared in and distributed from

9   California and change in policy was made at Apple's headquarters in California); *Sound Appraisal*

10  *v. Wells Fargo Bank, N.A.*, 717 F.Supp.2d 940, 945 (N.D. Cal. 2010) (applying California law to

11  non-California company where plaintiffs alleged it conspired with a defendant headquartered in

12  California, the conspiracy was planned and implemented in California, and wrongful acts emanated

13  from the other defendant's California offices). While a more complete choice of law analysis may

14  be needed at the class certification stage—*after* discovery—on a motion to strike, "there are too

15  many preliminary questions that cannot be resolved at this stage of the case, including whether

16  California actually has significant contacts with the claims against [Defendant], the strength of the

17  interests those contacts create, how many states' laws are implicated, and how many are materially

18  different from California law." *In re Apple*, 2012 WL 2428248 at *9 (holding that "at this early

19  stage, the court cannot conclude that a nationwide class would be improper").

20      In short, Gearbox's predominance argument fails to establish that there is no set of facts

21  under which the proposed class could be certified, and thus does not support its motion to strike.

22          3.      Injunctive relief is proper in this case such that the Class can be certified
                    under Rule 23(b)(2).

23      Finally, Gearbox argues that the proposed class cannot be certified under Rule 23(b)(2)

24  because, among other things, injunctive relief is not available and monetary damages are the

25  primary form of relief sought. (Def. Mot. at 14–15.) As an initial matter, an inability to certify the

26  proposed class under Rule 23(b)(2) would not warrant striking the class allegations if the class

27

28  [9]     *See* Official E3 Expo website, available at: www.e3expo.com (last accessed Aug. 13, 2014.)

1  could still be certified under Rule 23(b)(3)—which , as discussed above, it can. Regardless, even if

2  the proposed class could not be certified under Rule 23(b)(3), Gearbox's assertion that the proposed

3  class could not alternatively be certified under Rule 23(b)(2) is wrong.

4  First, Plaintiffs have a basis to seek injunctive relief, as they allege that Defendants'

5  misleading "actual gameplay" demonstrations—including those videos narrated by Mr. Pitchford,

6  which describe the non-retail, "demo" version of A:CM—continue to be presented to consumers on

7  Sega's website and YouTube channel. (FAC ¶¶ 37, 42.)

8  Second, the availability of injunctive relief as a remedy aligns with the objectives of

9  California consumer protection statutes like the UCL and FAL. *See Henderson v. Gruma Corp.*, No.

10  CV 10-04173 AHM AJWX, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011)  (denying

11  defendant's argument that plaintiffs did not have standing to seek injunctive relief and holding that

12  "while Plaintiffs may not purchase the same [] products as they purchased during the class period,

13  because they are now aware of the true content of the products, to prevent them from bringing suit

14  on behalf of a class in federal court would surely thwart the objective of California's consumer

15  protection laws…[] With such advertising remaining on supermarket shelves, Plaintiffs, as

16  representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in

17  order to protect consumers from Defendant's alleged false advertising."); *Ries v. Arizona Beverages*

18  *USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (finding standing for injunctive relief and noting

19  that though "the fact that [plaintiffs[ discovered the supposed deception some years ago does not

20  render the advertising any more truthful…Should plaintiffs encounter the [misleading label] at the

21  grocery store today, they could not rely on that representation with any confidence. This is the harm

22  California's consumer protection statutes are designed to redress.").

23  Third, the injunctive relief sought is not secondary to Plaintiff's claim for monetary

24  damages, as Plaintiff's CLRA claim seeks *only* injunctive relief, and in any case, the Court is able

25  to bifurcate and certify separate classes. *See* Schwarzer, Tashima & Wagstaffe, § 10:404 (noting a

26  court may certify a Rule 23(b)(2) class for injunctive relief and a separate class for individual

27  damages or, if the damage claims do not meet Rule 23(b)(3) standards, certify the Rule 23(b)(2)

28  class alone); *In re Apple*, 2012 WL 2428248.

1    In the end, Gearbox's failure to meaningfully engage with the FAC does not, as it hopes,

2    demonstrate that the proposed class cannot be certified under Rule 23(b)(2).

3    **IV.    CONCLUSION**

4    Gearbox could have raised its objections to the class allegations earlier in its previous Rule

5    12 motion, and it will have the chance to raise them later in responding to a motion for class

6    certification. What it cannot do is raise them now on a motion to strike. In any event, even if its

7    motion to strike were not procedurally improper, Gearbox fails to establish that the standards for

8    granting a motion to strike—either the standards expressly set forth in rule 12(f) and the Ninth

9    Circuit in *Whittlestone*, or the pre-*Whittlestone* standards argued by Gearbox—are satisfied here.

10   For all these reasons, Gearbox's Motion to Strike should be denied.

11

12   Dated:  August 20, 2014

**DAMION PERRINE and JOHN LOCKE**, individually and on behalf of a class of similarly situated individuals,

14   By: /s/  Benjamin S. Thomassen

15   Mark S. Eisen (SBN - 289009)
meisen@edelson.com
16   EDELSON PC
555 West Fifth Street, 31st Floor
17   Los Angeles, California 90013
Tel: 213.533.4100
18   Fax: 213.947.4251

19   Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
20   Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
21   Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
22   EDELSON PC
350 North LaSalle Street, Suite 1300
23   Chicago, Illinois 60654
Tel: 312.589.6370
24   Fax: 312.589.6378

25

26   *Attorneys for Plaintiffs and the Putative Class*

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, an attorney, hereby certify that on August 20, 2014, I served the above and foregoing **Plaintiffs' Opposition to Defendant Gearbox Software, LLC's Motion to Strike Class Allegations** by causing a true and accurate copy of such paper to be filed and served upon all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Benjamin S. Thomassen