ROBERT M. SCHWARTZ (S.B. #117166)
 rschwartz@omm.com
VICTOR JIH (S.B. #186515)
 vjih@omm.com
HARRISON A. WHITMAN (S.B. #261008 )
 hwhitman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700

Attorneys for Defendant Gearbox Software, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DAMION PERRINE, and JOHN LOCKE, individually and on behalf of a class of similarly situated persons,<br><br>              Plaintiffs,<br>     v.<br><br>SEGA OF AMERICA, INC., and GEARBOX SOFTWARE, L.L.C.,<br><br>              Defendants. | Case No. 3:13-CV-01962 JD<br><br>**GEARBOX SOFTWARE'S CORRECTED REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**<br><br>Hearing Date:   October 29, 2014<br>Time:             9:30 a.m.<br>Courtroom:      11<br>Judge:            Hon. James Donato |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  THE COURT MAY STRIKE PLAINTIFFS' CLASS ALLEGATIONS UNDER EITHER RULE 23 OR RULE 12. ........................................................................ 1

    A.   Gearbox's Motion Is Authorized By Rule 23. ........................................ 2

    B.   Gearbox's Motion Is Authorized By Rule 12. ........................................ 4

III. THE PROPOSED CLASS CANNOT BE CERTIFIED BECAUSE IT INCLUDES MEMBERS WHO WERE NOT INJURED. ........................................................ 6

IV. THE PROPOSED CLASS CANNOT BE CERTIFIED UNDER RULE 23(B)(3). ........... 6

    A.   Common Issues Of Fact Will Not Predominate. ...................................... 7

    B.   Common Issues Of Law Will Not Predominate. ..................................... 8

V.  THE PROPOSED CLASS CANNOT BE CERTIFIED UNDER RULE 23(B)(2). ........... 9

VI. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

Page

## CASES

*Abarca v. Franklin Cnty. Water Dist.*,
2009 WL 1393511 (E.D. Cal. May 18, 2009) ........................................................................... 4

*Aguilar v. Allstate Fire & Cas. Ins. Co.*,
2007 WL 734809 (E.D. La. Mar. 6, 2007) ................................................................................ 3

*Baker v. Microsoft Corp.*,
851 F. Supp. 2d 1274 (W.D. Wash. 2012) ................................................................................ 2

*Brazil v. Dell Inc.*,
585 F. Supp. 2d 1158 (N.D. Cal. 2008) .................................................................................... 2

*Chapman v. Pier 1 Imports Inc.*,
631 F.3d 939 (9th Cir. 2011) ..................................................................................................... 9

*Chavez v. Blue Sky Natural Beverage Co.*,
268 F.R.D. 365 (N.D. Cal. 2010) .............................................................................................. 8

*Clark v. Sprint Spectrum L.P.*,
2011 WL 835487 (C.D. Cal. Mar. 7, 2011) .............................................................................. 3

*Collins v. Gamestop Corp.*,
No. C10-1210 TEH, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010) .......................................... 6

*Culinary & Serv. Emps. Union v. Haw. Emp. Benefit Admin., Inc.*,
688 F.2d 1228 (9th Cir. 1982) ................................................................................................... 5

*Dawe v. Corrections USA*,
2007 WL 3125091 (E.D. Cal. Oct. 24, 2007) ........................................................................... 5

*Delarosa v. Boiron*, Inc.,
2012 U.S. Dist. LEXIS 188828 (C.D. Cal. Dec. 28, 2012) .................................................... 10

*Estrella v. Freedom Financial Network, LLC*,
2010 WL 2231790 (N.D. Cal. June 2, 2010) ............................................................................ 8

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ..................................................................................................... 9

*Henderson v. Gruma Corp.*,
2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ........................................................................ 10

*Hovsepian v. Apple, Inc.,*
2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .......................................................................... 2

*In re Apple, AT&T iPad Unlimited Data Plan Litig.*,
2012 WL 2428248 (N.D. Cal. June 26, 2012) ................................................................. 3, 6, 9

*In re Complaint of Mission Bay Jet Sports, LLC*,
2010 U.S. Dist. LEXIS 1824 (S.D. Cal. Jan. 11, 2010) ............................................................ 5

## TABLE OF AUTHORITIES
### (continued)

**Page**

*In re ESS Tech., Inc.*,
   2005 WL 418548 (N.D. Cal. Feb. 22, 2005) ................................................................. 4

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   208 F.R.D. 625 (W.D. Wash. 2002) ............................................................................ 2

*In re Wal–Mart Stores, Inc. Wage & Hour Litig.*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007) ......................................................................... 3

*Kamm v. California City Development Company,*
   509 F.2d 205 (9th Cir. 1975) .................................................................................. 2, 4

*Kilopass Tech. Inc. v. Sidense Corp.*,
   2010 WL 5141843 (N.D. Cal. Dec. 13, 2010) ............................................................. 4

*Lee v. Am. Nat'l Ins. Co.*,
   260 F.3d 997 (9th Cir. 2001) ...................................................................................... 9

*Lumpkin v. E.I. DuPont de Nemours & Co.*,
   161 F.R.D. 480 (M.D. Ga. 1995) ............................................................................... 3

*Mantolete v. Bolger*,
   767 F.2d 1416 (9th Cir. 1985) .................................................................................... 2

*Mason v. Nature's Innovation, Inc.*,
   2013 U.S. Dist. LEXIS 68072 (S.D. Cal. May 13, 2013) ......................................... 10

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................................. 7, 8, 9

*McAdams v. Monier, Inc.*,
   182 Cal. App. 4th 174 (2010) ..................................................................................... 7

*McCann v. Foster Wheeler LLC*,
   48 Cal. 4th 68 (Cal. 2010) ....................................................................................... 8, 9

*Murphy v. Directv, Inc.*,
   2011 U.S. Dist. LEXIS 87627 (C.D. Cal. Feb. 11, 2011) ......................................... 5

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ............................................................................................. 9, 10

*Picus v. Wal-Mart Stores, Inc.*,
   256 F.R.D. 651 (D. Nev. 2009) .................................................................................. 2

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) .................................................................................. 2, 3

*Ries v. Ariz. Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ............................................................................. 10

*Robertson v. FedEx Nat'l LTL, Inc.*,
   2010 WL 10020690 (C.D. Cal. Jan. 5, 2010) ............................................................. 5

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Rocha v. Yoshinoya W., Inc.*,
  2007 WL 8398819 (C.D. Cal. Jan. 8, 2007) .................................................................... 5

*San Pedro Boat Works, Inc. v. Water Quality Ins. Syndicate*,
  2006 U.S. Dist. LEXIS 96881 (C.D. Cal. Jan. 13, 2006) ................................................ 5

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................ 2, 5, 6, 7

*Schmidt v. Pentair, Inc.*,
  2010 U.S. Dist. LEXIS 123053 (N.D. Cal. Nov. 4, 2010) ............................................. 5

*Sound Appraisal v. Wells Fargo Bank, N.A.*,
  717 F. Supp. 2d 940 (N.D. Cal. 2010) ........................................................................... 9

*Stubbs v. McDonald's Corp.*,
  224 F.R.D. 668 (D. Kan. 2004) ...................................................................................... 3

*Taheny v. Wells Fargo Bank*, N.A.,
  2011 WL 1466944 (E.D. Cal. Apr. 18, 2011) ................................................................ 5

*Travelers Cas. & Sur. Co. v. Dunmore*,
  2010 WL 5200940 (E.D. Cal. Dec. 15, 2010) ................................................................ 5

*United States v. Wang*,
  404 F. Supp. 2d 1155 (N.D. Cal. 2005) .................................................................. 5, 10

*Vandenbrink v. State Farm Mut. Auto. Ins. Co.*,
  2012 WL 3156596 (M.D. Fla. Aug. 3, 2012) ................................................................. 3

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009) .......................................................................................... 3

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) .................................................................................................. 10

*Wershba v. Apple Computer, Inc.*,
  91 Cal. App. 4th 224 (2001) ........................................................................................... 9

*Whittlestone v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) .......................................................................................... 5

*Winnemem Wintu Tribe v. U.S. Forest Serv.*,
  2013 WL 1325423 (E.D. Cal. Mar. 29, 2013) ................................................................ 5

**OTHER AUTHORITIES**

5C Charles A. Wright, et al., *Federal Practice and Procedure* (3d ed. 2004) .............................. 5

**RULES**

Fed. R. Civ. P. 12 ..................................................................................................................... 1, 4

Fed. R. Civ. P. 12(b) ..................................................................................................................... 4

# TABLE OF AUTHORITIES
### (continued)

**Page**

Fed. R. Civ. P. 12(f) ................................................................................................. 1, 2, 4, 5

Fed. R. Civ. P. 12(f)(1) ........................................................................................................ 4

Fed. R. Civ. P. 12(g)(2) ....................................................................................................... 4

Fed. R. Civ. P. 23 ........................................................................................................... 1, 2

Fed. R. Civ. P. 23(b)(2) ............................................................................................. 1, 9, 10

Fed. R. Civ. P. 23(b)(3) ....................................................................................................... 6

Fed. R. Civ. P. 23(c)(1)(a) ................................................................................................... 1

Fed. R. Civ. P. 23(d)(1)(D) .................................................................................................. 2

## I. INTRODUCTION

Rather than defend the merits of their class allegations, plaintiffs devote most of their opposition to arguing why the Court should avoid deciding that issue now, claiming that the Court has no authority to consider or grant Gearbox's motion. Plaintiffs are wrong. The Court has authority under both Rule 12 *and* Rule 23 to issue an order striking the class allegations, and there is ample precedent for the Court to do so where, as here, the pleadings reveal that a class cannot be maintained. Plaintiffs nevertheless attempt to sell the Court on delay, but they have already let pass the May 6 cutoff date for disclosure of class certification experts and they point to no facts they hope to learn in discovery that could cure the problems appearing on the face of their Complaint. In short, plaintiffs have given the Court no reason to await their certification motion, as it can amount to little more than a rehash of what they argue on the merits here.

And what did plaintiffs' opposition argue on the merits? Very little. Indeed, plaintiffs never meaningfully contest the merits of Gearbox's motion. *First*, plaintiffs do not dispute that a class cannot be certified whose members lack standing, or that those class members who were never exposed to the allegedly misleading game demonstrations have not suffered any injury. *Second*, plaintiffs do not dispute the controlling Ninth Circuit precedent holding that certification is inappropriate in false advertising cases like this, where individual issues of exposure, reliance, and materiality will predominate. *Third*, plaintiffs do not dispute that a nationwide class cannot be certified if the law of class members' home jurisdictions applies to their claims—yet they ignore controlling precedent holding exactly that in a case with indistinguishable facts. *Fourth*, plaintiffs' class cannot be certified under Rule 23(b)(2) because one cannot enjoin yesterday's harm and there is no possibility they will ever again suffer the injury they have alleged.

No amount of discovery on class issues will cure these fatal deficiencies in plaintiffs' class allegations, and plaintiffs do not demonstrate otherwise. Accordingly, the Court should exercise its authority to strike the class allegations from the Complaint.

## II. THE COURT MAY STRIKE THE ALLEGATIONS UNDER RULES 23 OR 12.

Motions to strike are a well-established means of attacking inadequate class allegations at the pleadings stage. As Gearbox explained in its motion, Rule 12(f) and Rule 23(c)(1)(a) and

1  (d)(1)(D) provide two independent bases for such a motion. Mot. 4:15–22. Plaintiffs argue that Gearbox's motion is too early for Rule 23 and too late for Rule 12(f), but there is ample authority for the Court to strike the class allegations at this stage under either rule.

### A. Gearbox's Motion Is Authorized By Rule 23.

Plaintiffs argue that deciding this issue under Rule 23 prior to class discovery and a motion for class certification is "premature." Opp. 7:3–9:6. On the contrary, courts in this Circuit and throughout the country routinely grant motions to strike class allegations under Rule 23 before any discovery or motion for class certification if it is plain from the pleadings that the proposed class cannot be certified. As explained in *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985), "the plaintiff bears the burden of advancing a prima facie showing that … discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Id*. at 1424. Because plaintiffs made no such showing here, there is no reason to permit discovery or further briefing.

In *Kamm v. California City Development Company*, the Ninth Circuit held that where a plaintiff has not pled a certifiable class, an order striking his class allegations is appropriate, even though no motion for certification had been filed and no discovery had been conducted. 509 F.2d 205, 212–13 (9th Cir. 1975). Expressly rejecting the plaintiffs' argument that they were entitled to discovery, the Ninth Circuit explained that the district court must consider the "the probability" that it would "resolv[e] any factual issue necessary" for a decision on certification. *Id*. at 209–10. Since *Kamm*, courts of this Circuit have regularly granted motions to strike class allegations in the absence of discovery or a motion to certify the class.[1]

This is consistent with the approach of federal courts throughout the country. For example, in *Pilgrim v. Universal Health Card*, the plaintiffs brought a purported nationwide class action alleging deceptive advertising under Ohio's consumer protection statute. 660 F.3d 943

---

[1] *See, e.g.*, *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655–56, 660 (D. Nev. 2009); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 208 F.R.D. 625, 629–30, 634 (W.D. Wash. 2002); *Baker v. Microsoft Corp.*, 851 F. Supp. 2d 1274, 1280 (W.D. Wash. 2012); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1166–67 (N.D. Cal. 2008); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009); *Hovsepian v. Apple, Inc.,* 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009).

1 (6th Cir. 2011). Prior to any discovery, the Sixth Circuit found that individualized issues relating to the class members' exposure to and reliance on the allegedly deceptive advertising would inevitably predominate, as would varying legal issues arising from the different consumer protection laws in the class members' home states. *Id*. at 946–48. After noting that the plaintiffs "do not explain what type of discovery or what type of factual development would alter the central defect in this class claim," the Sixth Circuit affirmed the district court's order striking the class allegations. *Id*. at 949. There is no shortage of precedents across the country striking class allegations on similar grounds.[2]

Plaintiffs cite cases in which courts declined to strike class allegations, but none of those cases stands for the proposition that doing so at this stage is impermissible. *Id*. In fact, most of these cases expressly *acknowledge* that "class allegations may be stricken at the pleading stage" and merely concluded that a more complete factual record was necessary to decide the question of certification. *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007); *see also Apple, AT&T iPad Unlimited Data Plan Litig.*, 2012 WL 2428248, at *2, 5–7 (N.D. Cal. June 26, 2012) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, courts have granted motions to strike class allegations."); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("a party seeking class certification is not always entitled to discovery on the class certification issue"); *see also Clark v. Sprint Spectrum L.P.*, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011).

That is plainly not the case here. Plaintiffs' only reference to what discovery might show is their concession that it could "reveal[] some *individual* issues that may relate to plaintiffs'

---

[2] *See, e.g.*, *Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809, at *3 (E.D. La. Mar. 6, 2007) ("On the face of the pleading, it is clear that individualized and highly personal issues pertaining to each class member patently overwhelm any arguable common issues, rendering the claims inappropriate for class treatment."); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) ("Given the nature of the claims and individual factual inquiries required, it is apparent the individualized issues are predominant and this suit cannot proceed as a class action."); *Lumpkin v. E.I. DuPont de Nemours & Co.*, 161 F.R.D. 480, 481–82 (M.D. Ga. 1995) (striking class allegations because "Plaintiffs have set forth no showing that further discovery will substantiate the class action" and therefore "awaiting further discovery will only cause needless delay and expense"); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) ("Federal courts have used motions to strike to test the viability of a class at the earliest pleading stage of the litigation.").

1  claims." Opp. 12 n.8 (emphasis added). Because plaintiffs do not explain how further

2  development of the record will inform this Court's decision on certification, under *Kamm* and its

3  progeny, it is well within the Court's discretion to strike their class allegations.

### B. Gearbox's Motion Is Authorized By Rule 12.

5  Even if Rule 23 did not provide an independent basis for granting this motion, none of

6  plaintiffs' arguments would prevent the Court from granting it under Rule 12(f).

7  *First*, plaintiffs argue that Rule 12(g)(2), which provides that all requests for relief under

8  Rule 12 should be consolidated in a single motion, bars this motion because Gearbox previously

9  filed a motion under Rule 12(b). Opp. 3:3–4:6. That is not correct. As courts in this district have

10 recognized, Rule 12(g)(2) applies to situations in which a party files successive motions under

11 Rule 12 "for the sole purpose of delay." *Kilopass Tech. Inc. v. Sidense Corp.*, 2010 WL 5141843,

12 at *3 (N.D. Cal. Dec. 13, 2010); *see also In re ESS Tech., Inc.*, 2005 WL 418548, at *3 (N.D. Cal.

13 Feb. 22, 2005) (permitting second Rule 12 motion not brought for "dilatory "purposes"); *Abarca*

14 *v. Franklin Cnty. Water Dist.*, 2009 WL 1393511, at *2 (E.D. Cal. May 18, 2009) (same).

15 Furthermore, a court may strike allegations from a pleading *under Rule 12(f)* "on its own" at any

16 time. Fed. R. Civ. P. 12(f)(1). That the movant has previously filed a Rule 12(b) motion does not

17 preclude a court from striking allegations. *In re ESS Tech.*, 2005 WL 418548, at *3–4; *Abarca*,

18 2009 WL 1393511, at *2. Even in one of the cases plaintiffs cite on this point, *Abarca*, the court

19 considered the defendant's Rule 12(f) motion on the merits after finding no evidence that the

20 movant was motivated by a desire to delay. 2009 WL 1393511, at *2.

21 The Court should do likewise here. Now that Gearbox's joint defense arrangement with

22 Sega has ended, Gearbox is merely pursuing its rights in good faith, without any dilatory intent.

23 Indeed, just the opposite is true: Gearbox is attempting to streamline the case and accelerate its

24 disposition, while plaintiffs are attempting to unnecessarily delay a decision on certification.

25 *Second*, plaintiffs argue that Gearbox's motion cannot be heard because it was filed after

26 Gearbox answered the current Complaint. Opp. 4:7–5:17. The overwhelming weight of

27 authority, however, holds that courts may grant a motion to strike at *any* time, given that Rule

28 12(f)(1) places no limits on when a court may strike allegations "on its own." *See* 5C Charles A.

Wright, et al., *Fed. Pract. and Proc.* § 1380 (3d ed. 2004) (endorsing this interpretation and collecting cases from around the country); *United States v. Wang*, 404 F. Supp. 2d 1155, 1157, 1159 (N.D. Cal. 2005) (granting motion to strike filed several months after the deadline); *Schmidt v. Pentair, Inc.*, 2010 U.S. Dist. LEXIS 123053, at *5–6 (N.D. Cal. Nov. 4, 2010) (same).[3]

***Third***, plaintiffs argue that the class allegations Gearbox seeks to strike do not qualify as "redundant, immaterial, impertinent, or scandalous"—the four categories of allegations that Rule 12(f) permits courts to strike. Opp. 3:3–7:2. But class allegations that have no hope of being certified are irrelevant to the proceeding and therefore are both "immaterial" and "impertinent." *See, e.g.*, *Sanders*, 672 F. Supp. 2d at 991 (finding class allegations that could not be certified are "impertinent"); *Rocha v. Yoshinoya W., Inc.*, 2007 WL 8398819, at *6 (C.D. Cal. Jan. 8, 2007) (finding class allegations that could not be certified "immaterial"); *Robertson v. FedEx Nat'l LTL, Inc.*, 2010 WL 10020690, at *7 (C.D. Cal. Jan. 5, 2010) (same).[4]

Thus, the Court has the authority to grant the relief Gearbox requests. Because it is clear from the face of the pleadings that plaintiffs' proposed class cannot be certified, the Court should exercise that authority here.

---

[3] Contrary to plaintiffs' contention, the Ninth Circuit's decision in *Culinary & Service Employees Union v. Hawaii Employee Benefit Administration, Inc.*, 688 F.2d 1228 (9th Cir. 1982), does not prevent the Court from granting a motion to strike here. Opp. 4:21–5:12. Since *Culinary* was decided, district courts in this Circuit, relying on Rule 12(f), have continued to grant motions to strike class allegations made after responsive pleadings have been filed. *See, e.g.*, *In re Complaint of Mission Bay Jet Sports, LLC*, 2010 U.S. Dist. LEXIS 1824, at *8–9 (S.D. Cal. Jan. 11, 2010) (citing *Culinary* and granting a motion to strike filed after the response to the challenged pleading); *San Pedro Boat Works, Inc. v. Water Quality Ins. Syndicate*, 2006 U.S. Dist. LEXIS 96881, at *7–8 (C.D. Cal. Jan. 13, 2006) (same); *see also Travelers Cas. & Sur. Co. v. Dunmore*, 2010 WL 5200940, at *3 (E.D. Cal. Dec. 15, 2010); *Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011); *Dawe v. Corrections USA*, 2007 WL 3125091, at *3 (E.D. Cal. Oct. 24, 2007). Indeed, in *Winnemem Wintu Tribe v. United States Forest Service*, 2013 WL 1325423, at *10 (E.D. Cal. Mar. 29, 2013), cited by plaintiffs on this point, the court *struck* the challenged allegations "[o]n its own motion"—precisely what plaintiffs claim this Court is without authority to do. *Id.*

[4] Plaintiffs argue that Gearbox's motion is barred by *Whittlestone v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), in which the Court found that certain categories of damages allegedly barred by the parties' contract could not be stricken under Rule 12(f) because they did not fit into any of the rule's four enumerated categories. Opp. 5:23–6:18, 9:12–16. Because *Whittlestone* did not involve a motion to strike class allegations, which falls within Rule 12(f), it has no bearing here. *Murphy v. Directv, Inc.*, 2011 U.S. Dist. LEXIS 87627, at *2–4 (C.D. Cal. Feb. 11, 2011) (acknowledging holding of *Whittlestone* and concluding that "a court may strike class allegations if it is clear from the complaint that the class claims cannot be maintained").

### III. THE PROPOSED CLASS CANNOT BE CERTIFIED BECAUSE IT INCLUDES MEMBERS WHO WERE NOT INJURED.

Plaintiffs do not dispute that a class member cannot have been injured by a demonstration he never saw. Mot. 6:1–23. Nor do plaintiffs appear to dispute that a class cannot be certified "that contains members lacking Article III standing." *Sanders*, 672 F. Supp. 2d at 990–91; Mot. 6:15–7:26.[5] Instead, plaintiffs claim that paragraph 168 of their Complaint "expressly" alleges that *all* of the 150,000 purported class members were exposed to the alleged misrepresentations. Opp. 10:8–11:3. That is not what the Complaint says.

Here is the full text, showing in bold the language plaintiffs quoted in their opposition:

> Through each 'actual gameplay' demonstration, Plaintiffs and **the members of the Class were exposed to** representations made by Defendants regarding the inclusion of the specific qualities and features in the retail version of Aliens: Colonial Marines.

FAC ¶ 168. Plaintiffs' brief omits the first half of their allegation, which states "[t]hrough each 'actual gameplay' demonstration…" That phrase qualifies the rest of the sentence to say that those members of the class *who saw* the "actual gameplay demonstrations" were exposed to the alleged misrepresentations—not that *every* class member saw a demonstration. In fact, the Complaint implicitly acknowledges that all the members of the class were not aware of the misrepresentations, where it alleges that "if" a consumer watched any promotional video prior to placing an order, he would have been exposed to the misrepresentations. *Id*. ¶ 48. Because plaintiffs could not in good faith allege that every person who pre-ordered the game saw one of the allegedly misleading demonstrations, their proposed class is doomed from the outset.

### IV. THE PROPOSED CLASS CANNOT BE CERTIFIED UNDER RULE 23(b)(3).

Plaintiffs' proposed class cannot be certified under Rule 23(b)(3) because neither common

---

[5] Though plaintiffs suggest that a class may be defined to "include those who were never exposed to the alleged misrepresentation" and who "thus have no claim" (Opp. 11:6-7), neither case they cite supports that proposition. In *Apple*, 2012 WL 2428248, at *4, the court found that the plaintiffs had in fact alleged exposure to "all members" of the proposed class. In *Collins v. Gamestop Corp.*, No. C10-1210 TEH, 2010 WL 3077671, at *2–3 (N.D. Cal. Aug. 6, 2010), classwide exposure was not disputed because, under one theory of recovery, the defendant had failed to disclose that the product was defective and, under the other, the alleged misrepresentation was printed on the side of every package.

issues of fact nor common issues of law would predominate. Each of these problems independently precludes certification of plaintiffs' proposed class, and plaintiffs fail to explain how any amount of discovery will address them.

### A. Common Issues Of Fact Will Not Predominate.

As Gearbox explained in its opening brief, claims resting on allegations of affirmative misrepresentations are "rarely" certified because of the need individually to address whether each class member was exposed to or relied on the statements at issue. Mot. 8:22–10:10 (quoting *Sanders*, 672 F. Supp. 2d at 991). In this case, a fact-finder would have to individually determine, among other things, whether each of thousands of class members saw a demonstration of the game prior to his purchase, found the challenged aspects of the demonstration material to his purchase, and was so disappointed with the game that he would not otherwise have bought it at that price. Hoping to sidestep this fatal defect, plaintiffs argue that reliance by every member of the class can be "presumed." Opp. 11:8–12:19. It cannot.

While reliance can be inferred in some circumstances, the Ninth Circuit has made clear that it must first be established that the entire class was exposed to a uniform misrepresentation. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012) ("the misrepresentations at issue here do not justify a presumption of reliance ... primarily because it is likely that many class members were never exposed to the allegedly misleading advertisements").[6] One of the cases plaintiffs cited illustrates the point. Opp. 12:3–6. In *McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174 (2010), the plaintiffs alleged that the roof tiles they purchased did not maintain their color for "50 years" as defendant's advertisements promised. *Id*. at 179–80. The California Court of Appeal found that the plaintiffs might be entitled to a presumption of reliance on their CLRA and UCL claims but made this holding with the express "proviso" that the class definition would have to be amended so that all of the members of the class were "exposed to a statement along the lines that the roof tile would last 50 years" prior to making their purchase. *Id*. at 179, 192; *see also*

---

[6] Similarly, while proof of individualized reliance is not required on a UCL or FAL claim (Opp. 12:6–8), a class member must still have been exposed to the alleged misrepresentation to have any right to recover. Mot. 6:4–14. Inquiry into the circumstances of each class member's purchase would thus be required for these claims as well.

1  *Mazza*, 666 F. 3d at 596 ("the relevant class must be defined in such a way as to include only
2  members who were exposed to advertising that was alleged to be materially misleading").[7]

3       Because plaintiffs' proposed class definition does not include such a limitation,
4  individualized issues of fact related to whether each class member ever saw or relied upon the
5  allegedly misleading demonstrations will predominate, defeating class certification. *Mazza*, 666
6  F. 3d at 596 ("common questions of fact do not predominate where an individualized case must
7  be made for each member showing reliance"). Discovery cannot solve this problem. On the
8  contrary, it could only reveal additional class member-specific complications with this inquiry.

9       **B.**     **Common Issues Of Law Will Not Predominate.**

10       Plaintiffs do not dispute that their class cannot be certified if the laws of class members'
11  home jurisdictions applied to their claims, as common questions of law could not predominate
12  given the material differences in those laws. Plaintiffs' sole argument is that the application of
13  California law to the claims of the entire putative nationwide class is appropriate because:
14  (1) some of the game demonstrations were presented in California, and (2) Sega uploaded clips of
15  those demonstrations to the internet in California. Opp. 12:20–13:19. Plaintiffs are wrong.

16       The Ninth Circuit has squarely held that, under California choice-of-law principles, the
17  jurisdiction where the communication of the allegedly deceptive advertisement was received and
18  relied on in making a purchase has the predominant interest in the conduct, and its laws must be
19  applied. *Mazza*, 666 F.3d at 593–94 (citing, *inter alia*, *McCann v. Foster Wheeler LLC*, 48 Cal.
20  4th 68, 94 n.12 (Cal. 2010) (pointing out that the location of an omission is the place of the
21  transaction where it should have been disclosed). The Ninth Circuit made this holding in *Mazza*
22  despite the fact that the sole defendant's corporate headquarters, the advertising agency that
23  produced the allegedly fraudulent misrepresentations, and one-fifth of the proposed class were all
24  located in California. *Id*. at 590, 594.

---

[7] In the other cases plaintiffs cite for this proposition, there was no dispute that every class member had been exposed to a uniform alleged misrepresentation. *See Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 368 (N.D. Cal. 2010) (alleging misrepresentation was prominently printed on the product's labels); *Estrella v. Freedom Financial Network, LLC*, 2010 WL 2231790, at *10 (N.D. Cal. June 2, 2010) (finding that every customer received materially identical disclosure statements containing the alleged misrepresentation).

Plaintiffs make no attempt to distinguish *Mazza* or the California Supreme Court's unanimous decision in *McCann*, on which *Mazza* relied. Plaintiffs instead cite the California Court of Appeal's decision in *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001). But that case predates both *Mazza* and *McCann* and its reasons for applying California law—that the message "emanated" from California and California's deceptive practices statutes are more protective—were expressly rejected by the Ninth Circuit in *Mazza*. *Mazza*, 666 F.3d at 592–94. The two other cases plaintiffs cite for this proposition, *In re Apple, AT&T iPad Unlimited Data Plan Litigation*, 2012 WL 2428248, and *Sound Appraisal v. Wells Fargo Bank, N.A.*, 717 F. Supp. 2d 940 (N.D. Cal. 2010), incorrectly rely on *Wershba* without acknowledging the controlling precedents in *Mazza* and *McCann*.

In the alternative, plaintiffs argue that is too early to decide this choice-of-law question, but nowhere do they explain how development of a factual record would change the analysis. Opp. 11 n.7, 13:13–19. Under *Mazza*, the fact that non-California members of the putative class received the alleged misrepresentations outside California precludes the application of California law to the entire class and defeats certification.

## V. THE PROPOSED CLASS CANNOT BE CERTIFIED UNDER RULE 23(b)(2).

Plaintiffs' proposed class cannot be certified under Rule 23(b)(2) for the simple reason that they lack Article III standing to seek an injunction. The fact that the challenged videos remain on a website hosted by Sega does not create any threat of future injury to the named plaintiffs or any putative class member, as is required by Article III for all claims of injunctive relief. *Chapman v. Pier 1 Imports Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). Nor are state law claims for consumer remedies exempt from this Constitutional requirement. As the Ninth Circuit expressly recognized when rejecting a UCL claim for injunctive relief, a "perfectly viable" cause of action under state law cannot be heard in federal court without Article III standing. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004).

Moreover, a named plaintiff cannot avoid this requirement by seeking injunctive relief on behalf of putative class members who can allege that they may be injured in the future. "[I]f none

1 of the named plaintiffs establishes the existence of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Mason v. Nature's Innovation, Inc.*, 2013 U.S. Dist. LEXIS 68072, at *5 (S.D. Cal. May 13, 2013), *Id.* at *5 (citing *O'Shea*, 414 U.S. at 494); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 627 (N.D. Cal. 2011). Plaintiffs cite to *Henderson v. Gruma Corp.*, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011), and *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012), but the holdings in these cases ignored Article III's standing requirements and are directly contrary to Ninth Circuit law. *Delarosa v. Boiron*, Inc., 2012 U.S. Dist. LEXIS 188828, at *16 (C.D. Cal. Dec. 28, 2012) ("To the extent that *Henderson* ... purport[s] to create a public-policy exception to the standing requirement, that exception does not square with Article III's mandate.").

Even if Article III did not present an insurmountable hurdle to plaintiffs, their class still could not be certified under Rule 23(b)(2) because they primarily seek monetary relief. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011) (claims for monetary relief may only be certified where it is "incidental to the injunctive or declaratory relief"); Mot. 14:17–19. Plaintiffs claim they are seeking primarily injunctive relief, but they appear to acknowledge the untenable character of their assertion, as they suggest that the Court could bifurcate the claims and certify only their CLRA claim for injunctive relief under Rule 23(b)(2). Because plaintiffs lack standing to seek an injunction in any event, that alternative must be rejected as well.

### VI. CONCLUSION

For the foregoing reasons, the Court should grant Gearbox's motion.

Dated: August 28, 2014

Respectfully submitted,

ROBERT M. SCHWARTZ
VICTOR JIH
HARRISON A. WHITMAN
O'MELVENY & MYERS LLP

By: */s/ Robert M. Schwartz*
      Robert M. Schwartz
Attorneys for Defendant
Gearbox Software