quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 | FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(650) 801-5002**

WRITER'S INTERNET ADDRESS
**claudestern@quinnemanuel.com**

February 9, 2015

<u>VIA ELECTRONIC FILING AND HAND DELIVERY</u>

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:    *Perrine et al. v. Gearbox Software LLC, et al.*, Case No. 13-cv-01962-JD

Dear Judge Donato:

Defendant Sega of America ("Sega") respectfully requests a protective order, pursuant to Federal Rule of Civil Procedure 26(c), staying merits discovery pending rulings on Plaintiffs' motion for class certification and Gearbox Software, LLC's ("Gearbox") motion to strike class allegations. Sega certifies that it has met and conferred with Plaintiffs and Gearbox and that both Plaintiffs and Gearbox oppose the relief sought herein.

A denial of Plaintiffs' certification motion or grant of Gearbox's motion to strike class allegations will likely be case dispositive and no merits discovery will be necessary.  Sega will therefore be prejudiced if it is forced to respond to Gearbox's expansive document and deposition demands before the Court rules on these motions.  By contrast, these motions have been briefed, Plaintiffs' motion to certify has been heard, there is no discovery deadline, and no trial date.  Thus, this is not a case where Sega seeks an extensive discovery delay while motions are investigated, briefed and heard.  These motions are already pending before the Court; no party will suffer prejudice if a brief stay of merits discovery is granted pending their resolution.

I.      **Factual Background**

Sega settled with Plaintiffs in this putative class action lawsuit after a July 2014 mediation. Plaintiffs filed a motion for confirmation of that settlement on August 11, 2014.  Gearbox did not settle with Plaintiffs and opposed the motion to confirm, which motion has not yet been heard.

On September 11, 2014, Plaintiffs filed a motion for class certification as to defendant Gearbox, which motion was heard on November 12, 2014.  (Dkt. No. 127).  On November 17, 2014, Gearbox

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

filed a motion to dismiss, or in the alternative for judgment on the pleadings.  (Dkt. No. 130).  Also pending are Gearbox's motions for partial summary judgment (Dkt. No. 66) and motion to strike class allegations (Dkt. No. 67).  Rulings on these motions have not yet issued.

On December 19, 2014, Gearbox served 91 document requests on Sega.[1]  Gearbox has also recently demanded depositions of Sega witnesses on all issues.  Sega served objections and responses to Gearbox's document requests on January 19, 2015, wherein Sega objected to all requests to the extent those requests seek documents related to issues other than class certification.[2]  On January 26, 2015, Gearbox expressed its view that discovery was open for all purposes, relying on statements made by the Court during the November 12 hearing on Plaintiffs' motion for class certification and the minute order for that hearing.

In particular, the Court commented that the parties had holes in their class certification discovery and ordered the parties to conduct the deposition of Mr. Pitchford, Gearbox's CEO.  (11/12/14 Hrg. Trns. 34:1-4; 45:15-46:5).  The minute entry states, in part:  "The Court discusses with the parties the status of discovery and certain other case management issues, and advises them to keep discovery going so as to continue moving the case forward."  (Dkt. No. 127).  Gearbox and Plaintiffs did not immediately contact Sega to pursue discovery (in fact because Plaintiffs and Sega have reached a settlement, Plaintiffs have not pursued discovery as to Sega), and Sega understood the Court's comments to mean that the parties should take Mr. Pitchford's deposition and put together a plan for further discovery.  Sega did not understand merits discovery to be open.

The parties conducted Mr. Pitchford's deposition over two half day sessions on January 29-30.  Given the Court's order that the parties take Mr. Pitchford's deposition and Gearbox's refusal to agree that Mr. Pitchford would be made available later (even though its document production was admittedly not complete), Sega and Plaintiffs questioned Mr. Pitchford on issues beyond class certification.  Sega has otherwise consistently maintained with Plaintiffs and Gearbox that merits discovery should be stayed pending the Court's ruling on the pending motions for class certification and to strike class allegations, since such rulings would render merits discovery an unnecessary expense for all parties.

Sega spoke with Gearbox and Plaintiffs on multiple occasions to try and reach agreement to stay merits discovery.  While Gearbox and Plaintiffs agreed that full merits discovery could ultimately be a waste of resources, they were not willing to go on record to formally seek a stay.

---

[1]   This motion seeks to stay all merits discovery pending the Court's resolution of either Plaintiff's motion to certify or Gearbox's motion to strike, thus no specific discovery or deposition request is at issue.  However, for the Court's reference, Sega has attached as Exhibit A Gearbox's first twelve requests for production, which provide an example of the expansive nature of Gearbox's requests.  Attached as Exhibit B is Sega's general objection 9, stating Sega's objection to non-class certification discovery, interposed to all 91 Gearbox requests.

[2]   Sega served objections to Gearbox's document and deposition requests other than the objection that those requests seek discovery beyond the issue of class certification.  Sega and Gearbox are continuing to meet and confer regarding those additional objections, and Sega reserves all rights with respect such objections.

## II.       A Protective Order Staying Merits Discovery Is Appropriate

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."  The Court has broad discretion to "to decide when a protective order is appropriate and what degree of protection is required." *Synopsys Inc v. Mentor Graphics Corp*, 2014 WL 324629, at *3 (N.D. Cal. Jan. 29, 2014)  (citations omitted).  Indeed, the "unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.* at 1211-12; *see also* 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil § 2036, at 489 (2d ed. 1994) ("Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.").

Courts frequently stay merits discovery pending class certification.  *See, e.g.*, *Evans v. Linden Research, Inc.*, 2012 WL 1438978, at *1 (N.D. Cal. Apr. 25, 2012) (denying discovery, in part because "[a]t the pre-certification stage, discovery in a putative class action is generally limited to certification issues"); *see also Krzesniak v. Cendant Corp.*, 2007 WL 756905, at *1 (N.D. Cal. 2007) ("Prior to certification, courts typically limit discovery to certification issues[.]").

"[A district] court also has broad discretion to stay discovery in a case while a dispositive motion is pending" where the pending motion is at least dispositive on the issue at which discovery is directed and where the dispositive motion can be decided without additional discovery.  *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001); *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *7 (N.D. Cal. May 27, 2009).

A protective order staying merits discovery is appropriate here.  If the Court either denies Plaintiffs' motion for class certification or grants Gearbox's motion to strike class allegations, the case would end for all parties and no merits discovery would be necessary.

By contrast, if merits discovery is allowed to  proceed before a ruling on these motions, Sega would suffer severe prejudice.  Gearbox has served 91 document requests, is demanding extensive and expensive document production, and depositions of several Sega witnesses.  Virtually none of the discovery Gearbox seeks is related to class certification.  Yet, a ruling on either the motion for class certification or the motion to strike class allegations could render all such discovery futile.

This result would be particularly inequitable to Sega here, where it has reached a settlement with Plaintiffs and is awaiting the Court's ruling on Plaintiffs' motion to confirm the settlement.  Sega submits that these are precisely the circumstances in which a protective order staying discovery is appropriate in a class action matter.

Accordingly, Sega respectfully requests that the Court enter a protective order staying merits discovery until such time as the pending motions for class certification and/or to strike class allegations have been determined.

Sincerely,

*/s/ Claude M. Stern*

Claude M. Stern
Counsel for SEGA OF AMERICA, INC