## quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 | FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(650) 801-5002**

WRITER'S INTERNET ADDRESS
**claudestern@quinnemanuel.com**

February 11, 2015

**VIA ELECTRONIC FILING AND HAND DELIVERY**

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Perrine et al. v. Gearbox Software LLC, et al.*, **Case No. 13-cv-01962-JD**

Dear Judge Donato:

On February 9, 2015, Defendant Sega of America ("Sega") filed a letter brief seeking a stay of merits discovery. Shortly after filing, both Gearbox Software, LLC ("Gearbox") and Plaintiffs contacted Sega with a request to "correct" that letter brief.[1] Sega disagrees that correction is required, but to moot these complaints, submits this amended letter brief.

Sega requests a protective order, pursuant to F.R.C.P. 26(c), staying merits discovery pending rulings on Plaintiffs' motion for class certification and Gearbox's motion to strike class allegations. Sega met and conferred with Plaintiffs and Gearbox, and neither was willing to stipulate to a stay.

A denial of the class certification motion or grant of the motion to strike would render discovery unnecessary. These motions have been briefed, there is no discovery deadline, and no trial date. Thus, Sega does not seek an extensive discovery delay while motions are investigated, briefed and heard, and no party should suffer prejudice if a brief stay of merits discovery is granted pending their resolution. By contrast, Sega submits it will be prejudiced if it is forced to respond to Gearbox's expansive document and deposition demands before the Court rules on these motions.

**I.    Factual Background**

---

[1] Gearbox's written request is attached as Exhibit C; Plaintiffs explained in a telephone conference that Sega was incorrect that Plaintiffs did not oppose Sega's stay request.

Sega settled with Plaintiffs in this putative class action lawsuit after a July 2014 mediation. Plaintiffs filed a motion for confirmation of that settlement on August 11, 2014. Gearbox did not settle with Plaintiffs and opposed the motion to confirm; the motion has not yet been heard. On September 11, 2014, Plaintiffs filed its class certification motion as to defendant Gearbox, which motion was heard on November 12, 2014. (Dkt. No. 127). On November 17, 2014, Gearbox filed a motion to dismiss, or in the alternative for judgment on the pleadings. (Dkt. No. 130). Also pending are Gearbox's motions for partial summary judgment (Dkt. No. 66) and motion to strike class allegations (Dkt. No. 67). Rulings on these motions have not yet issued.

On December 19, 2014, Gearbox served 91 document requests on Sega.[2] Gearbox also recently demanded depositions of Sega witnesses on all issues. Sega served responses to Gearbox's document requests, and objected to all requests to the extent those requests seek documents related to issues other than class certification.[3] On January 26, 2015, Gearbox insisted that discovery was open for all purposes, relying on statements made by the Court during the November 12 hearing.

In particular, the Court commented that the parties had holes in their class certification discovery and ordered the parties to conduct the deposition of Mr. Pitchford, Gearbox's CEO. (11/12/14 Hrg. Trns. 34:1-4; 45:15-46:5). The minute entry states, in part: "The Court . . . advises [the parties] to keep discovery going so as to continue moving the case forward." (Dkt. No. 127). Gearbox and Plaintiffs did not immediately contact Sega to pursue discovery, and Sega understood the Court's comments to mean that the parties should take Mr. Pitchford's deposition and put together a plan for further discovery. Sega did not understand merits discovery to be open.

The parties conducted Mr. Pitchford's deposition over two partial day sessions on January 29-30. Only week beforehand, Gearbox produced over 30,000 pages of documents, but failed to produce all of its source code, trailers, demos or other advertising media at issue. Given the Court's order that the parties take Mr. Pitchford's deposition and Gearbox's refusal to agree that Mr. Pitchford would be made available for any significant period of time on a later date regarding later produced documents that should have been produced earlier[4] Sega and Plaintiffs questioned Mr. Pitchford on issues beyond class certification. Sega has otherwise consistently maintained with Plaintiffs and Gearbox that merits discovery should be stayed pending the

---

[2] Attached as Exhibit A are Gearbox's first twelve requests for production, which provide an example of the expansive nature of Gearbox's requests. Attached as Exhibit B is Sega's general objection 9, stating Sega's objection to non-class certification discovery, interposed to all 91 Gearbox requests.

[3] Sega served additional objections and responses, about which Sega and Gearbox continue to confer. Sega reserves all rights with respect such objections.

[4] Gearbox only offered to make Mr. Pitchford available for an additional "30-45 minutes," clearly an insufficient amount of time to question Mr. Pitchford on an enormous number of later produced documents—including 4 years of source code, technical documents and advertising media—all of which were not available before the deposition.

Court's ruling on the pending motions for class certification and to strike class allegations, since such rulings would render merits discovery an unnecessary expense for all parties.

Sega spoke with Gearbox and Plaintiffs to try and reach agreement to stay merits discovery. While neither party denied that full merits discovery at this stage could ultimately be a waste of resources depending on the resolution of the class certification motion and motion to strike, neither party would stipulate to Sega's requested interim merits discovery stay.[5]

## II.     A Protective Order Staying Merits Discovery Is Appropriate

F.R.C.P, Rule 26(c) authorizes the Court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."  The Court has broad discretion to "to decide when a protective order is appropriate and what degree of protection is required." *Synopsys Inc. v. Mentor Graphics Corp*, 2014 WL 324629, at *3 (N.D. Cal. Jan. 29, 2014) (citations omitted

Courts frequently stay merits discovery pending class certification.  *See, e.g.*, *Evans v. Linden Research, Inc.*, 2012 WL 1438978, at *1 (N.D. Cal. Apr. 25, 2012) (denying discovery, in part because "[a]t the pre-certification stage, discovery in a putative class action is generally limited to certification issues"); *see also Krzesniak v. Cendant Corp.*, 2007 WL 756905, at *1 (N.D. Cal. 2007) ("Prior to certification, courts typically limit discovery to certification issues[.]").

"[A district] court also has broad discretion to stay discovery in a case while a dispositive motion is pending" where the pending motion is at least dispositive on the issue at which discovery is directed and where the dispositive motion can be decided without additional discovery.  *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001); *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *7 (N.D. Cal. May 27, 2009).

A protective order staying merits discovery is appropriate here.  An adjudication of Gearbox's motion to strike class allegations or Plaintiff's motion to dismiss would end the case for all parties, with no need for more discovery. By contrast, if merits discovery is allowed to proceed, Sega would suffer severe prejudice.  Gearbox has served 91 document requests, is demanding extensive and expensive document production, and depositions of several Sega witnesses. Virtually none of the discovery Gearbox seeks is related to class certification.  Yet, a ruling on either the class certification motion or the motion to strike could render all such discovery unnecessary.

This result would be particularly inequitable to Sega, since it has reached a settlement with Plaintiffs and is awaiting the Court's ruling on Plaintiffs' motion to confirm the settlement. These are precisely the circumstances in which a protective order staying discovery is appropriate.

Accordingly, Sega respectfully requests that the Court enter a protective order staying merits discovery until such time as the pending class certification motion and/or motion to strike have been adjudicated.

---

[5]     Gearbox's counsel disputes this account.  *See* Exhibit C.

Sincerely,

*/s/ Claude M. Stern*

Claude M. Stern
Counsel for SEGA OF AMERICA, INC