| | |
|---|---|
| Samuel M. Lasser (SBN – 252754)<br>slasser@edelson.com<br>EDELSON PC<br>1934 Divisadero Street<br>San Francisco, California 94115<br>Tel: 415.994.9930<br>Fax: 415.776.8047<br><br>Rafey S. Balabanian*<br>rbalabanian@edelson.com<br>Benjamin S. Thomassen*<br>bthomassen@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>Fax: 312.589.6378<br><br>*Admitted *Pro Hac Vice.*<br><br>*Attorneys for Plaintiffs John Locke, Damion Perrine, and the Putative Class* | Claude M. Stern (Bar No. 967737)<br>claudestern@quinnemanuel.com<br>Evette Dionna Pennypacker (Bar No. 203515)<br>evettepennypacker@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Tel: (650) 801-5000<br>Fax: (650) 801-5100<br><br>Jenny Grantz (Bar No. 287960)<br>jennygrantz@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco California 94111<br>Tel: (415) 875-6600<br>Fax: (415) 857-6700<br>*Attorneys for Defendant Sega of America, Inc.*<br><br>ROBERT M. SCHWARTZ (S.B. #117166)<br>rschwartz@irell.com<br>VICTOR JIH (S.B. #186515)<br>vjih@irell.com<br>1999 Avenue of the Stars<br>Los Angeles, California  90067-6035<br>Telephone: (310) 553-6700<br>Facsimile: (310) 246-6779<br>*Attorneys for Defendant Gearbox Software, L.L.C.* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOCKE and DAMION PERRINE, individually and on behalf of all others similarly situated,<br><br>                    *Plaintiffs*,<br><br>             v.<br><br>SEGA OF AMERICA, INC. a California corporation, and GEARBOX SOFTWARE L.L.C., a Texas limited liability company,<br><br>                    *Defendants*. | Case No. 5:13-cv-01962-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. James Donato<br>Action Filed: April 29, 2013 |

Pursuant to Fed. R. Civ. P. 26, Local Rule 16–10(d), Plaintiffs John Locke and Damion Perrine ("Plaintiffs") and Defendants Sega of America, Inc. ("Sega") and Gearbox Software L.L.C. ("Gearbox") ("Defendants") (and collectively with Plaintiffs, the "Parties"), hereby jointly submit the following Joint Case Management Statement.

**I.     Plaintiffs' Statement on Case Management**

In light of the Court's recent Order denying Plaintiff Locke's motion for class certification and the scope of his individual $100 claim, Plaintiff Locke advised Gearbox that he was willing to move to voluntarily dismiss his claims. However, given that Gearbox has made an improper threat of sanctions, the case may need to proceed against Gearbox to allow Plaintiff the ability to address any such motion.

With respect to Defendant Sega, Plaintiff Locke is still evaluating whether to renew his motion for preliminary approval of his class settlement. That said, Plaintiff Locke recognizes that the Court's Order denying certification with respect to Gearbox addressed essentially the same class definition presented by the Sega class settlement (i.e., "all Persons in the United States and its territories that, prior to or on February 12, 2013, paid for a copy of Aliens: Colonial Marines"), and found that, under such a definition, "individual questions of reliance would [predominate in the class]." Accordingly, and depending on the Court's views on the matter, renewing his motion for preliminary approval may be futile. Plaintiffs will be prepared to discuss their views on the Sega class settlement with the Court at the upcoming case management conference.

Plaintiff Perrine, in turn, intends to renew his motion to voluntarily dismiss his claims and withdraw as a putative class representative in this matter.

**II.    Defendant Gearbox Software's Statement on Case Management.**

During the meet-and-confer discussions, plaintiffs told Gearbox that, in light of the Court's May 12 denial of Locke's motion for class certification, plaintiffs were willing to dismiss Gearbox from their case. The open issue is whether that dismissal will be *with* or *without* prejudice. Gearbox told plaintiffs that it expects – and has earned – dismissal with prejudice. Gearbox is entitled to such finality given the enormous amount of time and money that it has been forced to

spend in defense of itself and Sega, the settling defendant/publisher of the game. Those efforts extend well beyond the efforts necessary to obtain documents, take depositions, and file a brief and declarations to successfully oppose class certification. They include also, for example, Gearbox's 2014 motion for partial summary judgment, directed to four of plaintiffs' six claims for relief. On April 2, 2015, the Court denied that motion (and others) without prejudice to Gearbox's refiling it "if warranted" after the Court ruled on class certification. *See* Dkt. 160 at 1.

During the meet-and-confer process, Plaintiffs disclaimed any intention of refiling their claims against Gearbox at a later date. Given such disclaimers, there is no reason to prejudice Gearbox by leaving the door open to a future resumption of onerous litigation. Accordingly, Gearbox is entitled to be dismissed *with* prejudice from this case.

If plaintiffs are unwilling to commit to a final resolution of litigation against Gearbox, Gearbox must continue litigating. For case management purposes, Gearbox requests a hearing date on its prior motion for partial summary judgment and on a separate (or combined) summary judgment motion directed to the two remaining claims in the complaint. Given the admissions plaintiffs made at their depositions, those claims are ripe for disposition (in Gearbox's favor). Because these motions raise only issues of law or are based factually on plaintiffs' deposition admissions, the Court should maintain the discovery stay with respect to Gearbox until it rules on those motions.

In addition, and as Gearbox mentioned during the meet-and-confer, if the case proceeds against Gearbox, it will invoke its rights to obtain monetary sanctions under Rule 11 and 28 U.S.C. section 1927.

**III.    Defendant Sega of America's Statement on Case Management**

Following the Court's ruling on May 12, 2015, Sega of America ("Sega") has engaged in discussions with Plaintiffs' Counsel (and to some extent Gearbox's counsel) regarding two issues: (1) whether Plaintiffs will consider dismissing the case against Sega, and (2) whether the settlement agreement between Plaintiff Locke and Sega is still effective.

On the first issue, Sega has been offered a dismissal of claims without prejudice or without prejudice, with various conditions or terms discussed with each. However, Sega believes that the extended nature of this litigation, the complaint having been filed over two years ago, *see* Dkt. 1, justifies dismissal with prejudice. The parties disagree on this point, but they continue to have productive discussions. It is further Sega's understanding that Plaintiff views the defendants, Sega and Gearbox, as situated so differently in this litigation that a joint agreement to dismiss is impractical. Sega disagrees with this point, and is of the opinion that the common nexus of facts alleged in Plaintiffs' complaint should subject both defendants to substantially similar dismissal agreements. However, Sega again also believes that discussions on the possibility of dismissal remain productive and should continue.

On the second issue, it is Sega's understanding that the Court's refusal to certify the proposed class—as defined in the First Amended Complaint—may have triggered one or more of the termination clauses in the Partial Class Action Settlement Agreement ("Settlement Agreement") which Plaintiffs filed with the Court on August 11, 2014, and has so informed both Sega and Gearbox. *See* Dkt. 78-1. By way of example only, ¶7.1 of the Settlement Agreement guaranteed Sega a right to terminate if the Court denied "Preliminary Approval." Further, the term "Preliminary Approval" was defined in ¶1.22 of the Settlement Agreement so as to include the Court agreeing to certify a class virtually identical, if not identical, to the one the recently ruled uncertifiable. *See* Dkt. 78-1 ¶¶1.22, 1.32, 7.1. In addition, Sega believes, and has so informed Gearbox and Plaintiffs, that the Court's ruling on lack of commonality and its holding that this case still involves claims asserted by two plaintiffs, not one, renders the Settlement Agreement null and terminable. Although the Court did not expressly address the Settlement Agreement, Sega believes these rulings have rendered "Preliminary Approval" impossible, and the logic and the law and the terms of the Settlement Agreement create the basis for termination by Sega of the Settlement Agreement.

On the issue of case management, Sega is hopeful that an agreement on dismissal is forthcoming, and all case deadlines, as well as discovery, should remain stayed so as to the give the parties additional time to meet and confer.

Sega is prepared to discuss with Plaintiffs and Gearbox all other issues appropriate to an efficient and fair resolution of this case.

                                      Respectfully submitted,

                                      **JOHN LOCKE and DAMION PERRINE**, individually and on behalf of all others similarly situated,

Dated: May 20, 2015                        By:   /s/ Rafey S. Balabanian
                                                                                   One of Plaintiffs' Attorneys

Samuel M. Lasser (SBN – 252754)
slasser@edelson.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin S. Thomassen*
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Admitted *pro hac vice*

                                      **SEGA OF AMERICA, INC.,**

Dated: May 20, 2015                        By:   /s/ Claude M. Stern
                                                                                  One of Sega's Attorneys

Claude M. Stern (Bar No. 967737)
claudestern@quinnemanuel.com
Evette Dionna Pennypacker (Bar No. 203515)
evettepennypacker@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

| | |
|---|---|
| Redwood Shores, California 94065 | |
| Tel: (650) 801-5000 | |
| Fax: (650) 801-5100 | |
| | |
| Jenny Grantz (Bar No. 287960) | |
| jennygrantz@quinnemanuel.com | |
| Quinn Emanuel Urquhart & Sullivan, LLP | |
| 50 California Street, 22nd Floor | |
| San Francisco California 94111 | |
| Tel: (415) 875-6600 | |
| Fax: (415) 857-6700 | |

**GEARBOX SOFTWARE, L.L.C.**

Dated: May 20, 2015          By:    /s/ Robert M. Schwartz
                                                    One of Gearbox's Attorneys

ROBERT M. SCHWARTZ (S.B. #117166)
rschwartz@irell.com
VICTOR JIH (S.B. #186515)
vjih@irell.com
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Rafey S. Balabanian, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated: May 20, 2015            By:    /s/ Rafey S. Balabanian
                                      Rafey S. Balabanian